## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

DANIEL MCCRAVY, individually; and
SOUTHFORK TRANSPORTATION, LLC,
a Florida limited liability company,

   CASE NO.:

  Plaintiffs,

v.

UNITED STATES ATTORNEY'S OFFICE
FOR THE SOUTHERN DISTRICT OF
FLORIDA, and the FEDERAL BUREAU
OF INVESTIGATION,

  Defendants.

_____/

## COMPLAINT

  Plaintiffs, DAN MCCRAVY ("McCravy") and SOUTHFORK TRANSPORTATION, LLC ("Southfork") (McCravy and Southfork are collectively "**Plaintiffs**"), hereby files this Complaint against the UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF FLORIDA ("**USAO**"), and the FEDERAL BUREAU OF INVESTIGATION ("**FBI**") (collectively, the "**Defendants**"), and in support thereof states as follows:

## PRELIMINARY STATEMENT

  1. This is an action for declaratory judgment and injunctive relief brought under the Privacy Act of 1974, 5 USC § 552a, and 26 USCS § 6103, and Freedom of Information Act, 5 UCSC § 552 ("**FOIA**"), seeking the Court to authorize and compel the disclosure of records maintained by USAO and FBI to Plaintiff, which records pertain to the Plaintiffs, who are victims of crimes which were investigated by the FBI and ultimately prosecuted by the USAO in the criminal case *United States v. Mitjans, et. al.,* 22-CR-60084-RS (S.D. Fla.) ("**Criminal Case**").

  2. The USAO denied Plaintiff's request to provide responsive documents, citing *Touhy* regulations, 28 CFR § 16.22 *et seq.*, and law enforcement privilege.

3.     The FBI denied Plaintiff's request to provide responsive documents, citing *Touhy* regulations and the Privacy Act of 1974 (5 USC § 552a(b)), and requiring an order from federal court authorizing the FBI's disclosure of records to retired FBI Special Agent Angel Martinez ("**SA Martinez**") and the Plaintiffs.

4.     This action is accordingly filed to obtain such order authorizing the FBI's disclosure of records to SA Martinez and the Plaintiffs.

5.     All conditions precedent to the bringing of this action have been satisfied, discharged, excused, or waived.

## JURISDICTION, VENUE & PARTIES

6.     This Court has jurisdiction over this matter pursuant to 5 USC § 552a(g)(1)(B) and 5 USCS § 552(a)(4)(A), which grant jurisdiction to the federal courts for civil actions brought under the Privacy Act of 1974 and FOIA, respectively.

7.     Venue is proper in this district under 5 USC § 552a(g)(5) and 5 USCS § 552(a)(4)(A) because the Plaintiff resides in this district, the records are located in this district, and the related Criminal Case (to which the records pertain) was investigated, prosecuted, and resolved in this district.

8.     Plaintiff, DANIEL MCCRAVY, is an individual resident of Martin County, Florida, and is otherwise *sui juris*.

9.     Plaintiff, SOUTHFORK TRANSPORTATION, LLC, is a Florida limited liability company with its principal place of business in Martin County, Florida, and is otherwise *sui juris*.

10.     Defendant, UNITED STATES ATTORNEY'S OFFICE OF THE SOUTHERN DISTRICT OF FLORIDA, is *sui juris*.

11.     Defendant, FEDERAL BUREAU OF INVESTIGATION, is *sui juris*.

## GENERAL ALLEGATIONS

12.     McCravy is the sole owner and principal of Southfork, a Department of Transportation registered trucking company in the business of transporting gasoline by tanker trucks to fuel distributors and fuel stations throughout the southeast.

13.     In or around 2020, McCravy discovered that several of Southfork's drivers and independent contractors, as well as their associates, were acting in concert and perpetrating schemes to steal gasoline from Port Everglades, Plaintiffs, and Plaintiffs' customers, and sell the fuel to third parties on the black market.

14.     The FBI conducted an investigation over a period of at least two years, including obtaining statements, creating forensic accounting and statistical analyses, and performing surveillance and GPS monitoring. Over the course of the investigation, Plaintiffs provided FBI agents with all of their records relevant to the investigation, including theirrecords which related to the damages incurred due the stolen fuel schemes.

15.     As a result of the FBI's investigation, the United States Attorney's Office filed charges in the Southern District of Florida Criminal Case against defendants Julio Mitjans, Kirk Russell, Carl Wallace, Damion McDonald, Yanko Rodriguez, Lazaro Agueros, Mario Yanes Nunez, and MD Golum Mahbub (collectively, the "**Criminal Defendants**") in the matter of *United States v. Mitjans, et. al.,* Case Number 22-CR-60084-RS (S.D. Fla.) ("**Criminal Case**"). *See* Information at *Exhibit "A."*

16.     The FBI and USAO preserved copies of the records developed during both the investigation and prosecution, and accordingly each maintain a "system of records" as defined by 5 USC § 552(a)(5) related to the investigation and prosecution, containing information on the Plaintiffs and Criminal Defendants that is retrievable by their names or other unique identifiers.

17.     As of the date of this filing, there are still open arrest warrants against an additional two subjects, Gilbert Miller and Verna Miller, who are currently fugitives from justice residing

outside of the United States.

18.    However, the Criminal Defendants who were indicted all pled guilty to the charges, and on or around July 14, 2022, the Criminal Defendants all submitted Factual Proffers in Support of Guilty Plea. *See* Factual Proffers at *Exhibit "B."*

19.    Judgments were entered against, and sentences imposed on, the Criminal Defendants on or about September 23, 2022. *See* judgments and sentences at *Exhibit "C."*

20.    Accordingly, it has been legally established that the specific criminal acts described in the Factual Proffers and otherwise were in fact committed.

21.    However, while restitution was ordered as a part of the Criminal Defendants' sentences, Plaintiffs have not received a cent of any restitution paid, and have suffered significant financial harm as a result of the stolen fuel schemes for which it has not been compensated.

22.    In an effort to make itself whole, Southfork filed a civil suit against the Criminal Defendants, their associates and related businesses, and additional independent contractors, in the Circuit Court of Martin County, Florida, in the matter of *Southfork Transportation, LLC v. Highland Tank Lines, Inc., et. al.*, Case Number 432022CA000164CAAXMX ("**Civil Case**"), on February 23, 2022.

23.    In the Civil Case, Plaintiffs are seeking the entry of judgments and award of damages against the Civil Case defendants in connection with the stolen fuels schemes and Criminal Case for breach of contract, tortious interference with an advantageous business relationship, violation of Section 772.103, Florida Statutes, civil conspiracy, violation of Section 772.11, Florida Statutes, and fraudulent concealment.

24.    The Civil Case is set for trial in October 2025.

25.    In preparation for trial in the Civil Case, Plaintiffs issued a Subpoena Duces Tecum Without Deposition to the USAO on January 24, 2025, requesting case files and other information

pertaining to the investigation, prosecution, indictment and conviction of the Criminal Defendants, transcripts of plea agreements, copies of video and audio surveillance recordings and surveillance logs, power point presentations produced as a result of the investigation, statistical analyses created by case agents and forensic accountants, all documents provided to defense counsel in the Criminal Case, and maps and overlays of all of the facilities and premises involved in the investigation, prosecution, indictment and conviction of the Criminal Defendants ("**Requested Records**"). *See* Subpoena Duces Tecum at *Exhibit "D."*

26.     The Requested Records each qualify as a "record" contained within a "system of records" as defined in 5 USC § 552a(a)(4)-(5).

27.     In the Subpoena Duces Tecum to the USAO, Plaintiffs also provided sufficient identifying information to enable the USAO to locate all responsive records, identifying the system of records requested, and specified that documents which would reveal the identities of confidential human sources and/or cooperating witnesses were not included in the scope of the request. Plaintiff also indicated that they would redact any mention of the fugitives' names.

28.     USAO issued a response to counsel for Plaintiffs dated February 12, 2025, indicating that Plaintiffs' Subpoena Duces Tecum was insufficient in that it did not comply with *Touhy* regulations. However, USAO further stated that law enforcement privilege prevents satisfaction of the Records Request due to the open warrants for the fugitives. Notably, however, the response fails to notify Plaintiffs of their right to appeal the USAO's determination. *See* response at *Exhibit "E."*

29.     In a follow up call with Assistant United States Attorney Alicia H. Welch, Esq., Ms. Welch informed the undersigned that even if the records request was resubmitted in compliance with the *Touhy* regulations, the open warrants and law enforcement privilege precluded the disclosure of the Requested Records.

30.     On July 21, 2025, Plaintiffs issued a Subpoena Duces Tecum for Appearance at Trial to SA Martinez, requesting the disclosure of the same Requested Records and including the same provisions as to the scope of the request and redaction of fugitives' names. *See* Subpoena Duces Tecum at *Exhibit "F."*

31.     The FBI subsequently issued a response to counsel for Plaintiffs dated August 20, 2025, advising that the request must comply with 28 CFR § 16.21 *et. seq.* and the Privacy Act of 1974 (5 USC § 552a), *and* that the FBI could not release the records without the notarized consent of each record subject or an order from federal court authorizing the disclosure. *See* response at *Exhibit "G."*

32.     The responses from USAO and FBI make it clear that any effort by Plaintiffs to strictly adhere to the administrative procedures for Privacy Act and FOIA requests would be futile and ultimately unsuccessful.

33.     Plaintiffs submitted their affidavit describing the nature of the Civil Case litigation, the specific information requested, the relevance of the information to the Civil Case proceedings, and the scope of testimony sought, to the FBI on or about September 8, 2025.

34.     However, as there are still pending warrants for two subjects of the Criminal Case, who fled the country to abscond from justice and whose whereabouts are not currently known, it is not possible for Plaintiffs to obtain notarized consents from each record subject.

35.     Moreover, time is now of the essence as Plaintiffs' trial date in the Civil Case fast approaches, creating unique circumstances supporting the relief requested herein.

36.     The Requested Records are relevant (and critical) to Plaintiffs and their prosecution of the Civil Case because the records detail how the Criminal Defendants perpetrated the stolen fuel schemes, the mechanics of the stolen fuel schemes, the identity of all parties found to be involved in the stolen fuel schemes, the level of involvement of each defendant and record subject

in the stolen fuel schemes, and Plaintiff's victimization by the Criminal Defendants and record subjects, and also quantify Plaintiff's damages as a result of the Criminal Defendants' and record subjects' wrongful actions.

37.     Furthermore, Plaintiffs are no longer in possession of its own original documents and records which they supplied to the FBI during the investigation, and which would be contained in the Requested Records.

38.     The USAO and FBI are the only agencies and/or individuals in possession of the Requested Records and information critical to Plaintiffs' Civil Case.

39.     Without the Requested Records, Plaintiffs will be prejudiced and unable to substantiate their damages at trial in the Civil Case, identify the scope of involvement of each Civil Case defendant, and appropriately proportion the damages it incurred to each defendant.

40.     Plaintiffs have no other recourse to obtain the Requested Records (including its own records produced to the FBI) other than by seeking this Court's authorization for the disclosure of the Requested Records under the Privacy Act of 1974.

41.     In consideration of the foregoing, it is evident that the interests of justice demand the disclosure of the Requested Records.

42.     All conditions precedent to the bringing of this action have been satisfied, discharged, excused, or waived.

## COUNT I:
## INJUNCTIVE RELIEF TO COMPEL PRODUCTION OF RECORDS TO PLAINTIFF UNDER PRIVACY ACT OF 1974 AND FOIA

43.     Plaintiffs incorporate the General Allegations of paragraphs twelve (12) through forty-two (42) as if fully set forth herein.

44.     This is an action for injunctive relief pursuant to the Privacy Act of 1974, 5 USC § 552a, and FOIA, 5 USCS § 552, seeking entry of an order compelling Defendants to produce the

improperly withheld Requested Records to Plaintiffs.

45.     Plaintiffs will suffer immediate and irreparably injury and prejudice unless the Court authorizes the Defendants to disclose the Requested Records as requested herein, since they are necessary for Plaintiffs' proof in the Civil Case. As such, the nature and extent of the injury and prejudice to Plaintiffs are unknown and cannot be accurately calculated, and Plaintiffs are without an adequate remedy at law.

46.     Plaintiffs have a clear legal right, since FOIA and the Privacy Act of 1974 both provide for injunctive relief, and all conditions precedent to this action have been satisfied, discharged, excused, or waived. *See* 5 USC § 552a;  26 USCS § 6103; and 5 UCSC § 552.

47.     Authorizing the disclosure of the Requested Records will serve the public interest, because it furthers the rights of citizens and entities to obtain disclosure of information as provided by law. The public's interest in enforcement of laws will be served by entering the relief requested. On balance, the harm to Plaintiffs if the requested relief is not granted will far outweigh any potential harm to Defendants if the requested relief is granted. Absent the requested relief, Plaintiffs risk the loss of the Southfork business and a prejudicial inability to further pursue the Civil Case successfully through trial.

**WHEREFORE**, Plaintiffs, DANIEL MCCRACY and SOUTHFORK TRANSPORTATION, LLC, respectfully request that the Court enter an Order (1) declaring that the USAO and FBI are authorized to disclose the Requested Records to Plaintiffs, (2) requiring the USAO and FBI to produce the Requested Records to Plaintiffs within seven (7) days of entry of an Order authorizing the disclosure, and (3) providing any such other and further relief as the Court deems necessary and appropriate.

## <u>COUNT II:</u><br><u>DECLARATORY JUDGMENT OF AUTHORIZATION TO RELEASE REQUESTED RECORDS TO PLAINTIFF UNDER PRIVACY ACT OF 1974</u>

48.     Plaintiffs incorporate the General Allegations of paragraphs twelve (12) through forty-two (42) as if fully set forth herein.

49.     This is an action for declaratory judgment pursuant to the Privacy Act of 1974, 5 USC § 552a.

50.     There is an actual, bona fide, practical, and present need for a declaration that the FBI and/or USAO are authorized to disclose the Requested Records to Plaintiffs.

51.     A present controversy exists between the USAO and/or FBI and Plaintiffs regarding the disclosure of the Requested Records, which are critical to Plaintiffs' Civil Case and the interests of justice.

52.     The relief sought herein is not merely for the giving of legal advice by the Court or to answer questions propounded from curiosity, and law enforcement processes will not be adversely affected by the disclosure of the Requested Records.

53.     Here, however, refusal to disclose or to authorize the disclosure of the Requested Records to Plaintiffs will have an adverse effect on Plaintiff, causing irreparable harm.

**WHEREFORE**, Plaintiffs, DANIEL MCCRACY and SOUTHFORK TRANSPORTATION, LLC, respectfully request that the Court enter an Order (1) declaring that the USAO and FBI are authorized to disclose the Requested Records to Plaintiffs, (2) requiring the USAO and FBI to produce the Requested Records to Plaintiffs within seven (7) days of entry of an Order authorizing the disclosure, and (3) providing any such other and further relief as the Court deems necessary and appropriate.

DATED this 8th day of September 2025.

Respectfully submitted,

**JECK HARRIS**
*Attorneys for Plaintiff*
790 Juno Ocean Walk, Suite 600
Juno Beach, Florida 33408

Telephone: (561) 746-1002

By: */s/ David K. Markarian*
DAVID K. MARKARIAN, ESQ.
Florida Bar No. 480691
dmarkarian@jeckharris.com
DAVID R. GLICKMAN, ESQ.
Florida Bar No. 118685
dglickman@jeckharris.com
eservice@jeckharris.com



Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-UR-Smith/Valle

18 U.S.C. § 371
18 U.S.C. § 659

UNITED STATES OF AMERICA

vs.

JULIO MITJANS,
KIRK RUSSELL,
CARL WALLACE,
DAMION MCDONALD,
YANKO RODRIGUEZ,
LAZARO AGUEROS,
MARIO YANES NUNEZ, and
MD GOLUM MAHBUB,

                    Defendants.
_____/

FILED BY_____D.C.

APR 29 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By_____ Deputy Clerk
Date_____ AUG 2 2 2022

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times material to this Information:

1.     Defendant **JULIO MITJANS** owned and operated Techno-Fuel, Inc. ("Techno-Fuel"), a

trucking yard located at 4700 SW 30th Avenue, Davie, Broward County, Florida.

2.     Defendants **KIRK RUSSELL, CARL WALLACE,** and **DAMION MCDONALD** were employed

by Corporation A as drivers of gasoline tanker trucks.

3.     Defendants **YANKO RODRIGUEZ, LAZARO AGUEROS,** and **MARIO YANEZ NUNEZ** were

employed by Techno-Fuel as drivers of gasoline tanker trucks.

[1]

4.      Defendant **MD GOLUM MAHBUB** worked at a Sunoco gas station ("Sunoco station") located at 598 E. 44th Street (Prospect Road), Oakland Park, Broward County, Florida.

5.      Corporation A was a business, located in Stuart, Martin County, Florida, involved in the transportation of gasoline by tanker trucks.

6.      Port Everglades was South Florida's primary storage and distribution center for refined petroleum, where refined petroleum products were received on a daily basis on fuel tanker ships from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America.

<u>COUNT 1</u>

7.      Paragraphs 1 through 6 of this Information are realleged and incorporated by reference as if fully set forth herein.

8.      From on or about November 14, 2019, through on or about August 3, 2021, in Broward County, in the Southern District of Florida, the defendants,

**JULIO MITJANS,**
**KIRK RUSSELL,**
**CARL WALLACE,**
**DAMION MCDONALD,**
**YANKO RODRIGUEZ,**
**LAZARO AGUEROS,**
**MARIO YANES NUNEZ, and**
**MD GOLUM MAHBUB,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with persons known and unknown, to commit an offense against the United States, that is, to knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and have in their possession knowing the same to have been embezzled or stolen, goods valued at $1,000.00 or more, namely gasoline, from Port Everglades, Corporation A, and gasoline stations, with intent to convert to their own use, which goods and chattels were moving as

[2]

and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Section 659.

### PURPOSE OF THE CONSPIRACY

9.     It was the purpose of the conspiracy for **JULIO MITJANS, KIRK RUSSELL, CARL WALLACE, DAMION MCDONALD, YANKO RODRIGUEZ, LAZARO AGUEROS, MARIO YANES NUNEZ, MD GOLUM MAHBUB,** and their coconspirators, to unlawfully enrich themselves by stealing, and taking possession of gasoline that had been stolen, while it was moving as and which constituted part of an interstate and foreign commerce, and then selling the stolen gasoline for profit.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means used to achieve the purpose of the conspiracy included, among others, the following:

10.     Thefts were committed at Port Everglades that involved diverting gasoline to a storage compartment on the tanker truck usually used for emergencies.

11.     Thefts were committed by siphoning gasoline from Corporation A's tanker trucks prior to delivering gasoline to gas stations.

12.     Thefts were committed by Corporation A's drivers who delivered less gasoline than the contracted amount to gas stations.

13.     Stolen gasoline was delivered and transferred from Corporation A's tanker trucks to Techno-Fuel.

14.     Employees of Techno-Fuel accessed gasoline within Corporation A's tanker trucks to transfer gasoline to a storage tanker truck and tanker trucks belonging to Techno-Fuel.

15.     Stolen gasoline was delivered and transferred from Corporation A's tanker trucks to the storage tank at the Sunoco station.

[3]

16.   The stolen gasoline received by the Sunoco station was sold at retail price in order to realize a monetary profit.

17.   Defendants **KIRK RUSSELL, CARL WALLACE,** and **DAMION MCDONALD** participated in the theft of gasoline while employed by Corporation A.

18.   Defendants **YANKO RODRIGUEZ, LAZARO AGUEROS,** and **MARIO YANEZ NUNEZ** participated in the theft of gasoline while employed by Techno-Fuel.

19.   Defendants **KIRK RUSSELL, CARL WALLACE,** and other individuals delivered stolen gasoline to the Sunoco station.

20.   Defendants **KIRK RUSSELL, CARL WALLACE,** and other individuals received monetary payments for stolen gasoline delivered to the Sunoco station.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to achieve the purpose and object thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

21.   On or about February 11, 2020, defendant **MD GOLUM MAHBUB** received stolen gasoline at the Sunoco station.

22.   On or about February 20, 2020, defendant **KIRK RUSSELL** delivered stolen gasoline to, and transferred stolen gasoline at, the Sunoco station.

23.   On or about February 28, 2020, defendant **CARL WALLACE** delivered stolen gasoline to the Sunoco station.

24.   On or about February 29, 2020, defendant **JULIO MITJANS** received stolen gasoline at Techno-Fuel.

25.   On or about March 3, 2020, defendant **LAZARO AGUERO** transferred stolen gasoline at Techno-Fuel.

[4]

26.     On or about March 4, 2020, defendant **MARIO YANES NUNEZ** transferred stolen gasoline at Techno-Fuel.

27.     On or about March 26, 2020, defendant **YANKO RODRIGUEZ** transferred stolen gasoline at Techno-Fuel.

28.     On or about April 8, 2020, defendant **KIRK RUSSELL** delivered stolen gasoline to Techno-Fuel.

29.     On or about June 1, 2020, defendant **MARIO YANES NUNEZ** transferred stolen gasoline at Techno-Fuel.

30.     On or about June 2, 2020, defendant **CARL WALLACE** delivered stolen gasoline to Techno-Fuel.

31.     On or about September 29, 2020, defendant **YANKO RODRIGUEZ** transferred stolen gasoline at Techno-Fuel.

32.     On or about February 17, 2021, defendant **CARL WALLACE** delivered stolen gasoline to Techno-Fuel.

33.     On or about February 23, 2021, defendant **CARL WALLACE** delivered stolen gasoline to the Sunoco station.

34.     On or about April 18, 2021, defendant **DAMION MCDONALD** delivered stolen gasoline to Techno-Fuel.

35.     On or about May 26, 2021, defendant **DAMION MCDONALD** delivered stolen gasoline to Techno-Fuel.

36.     On or about June 6, 2021, defendant **KIRK RUSSELL** delivered stolen gasoline to Techno-Fuel.

37.     On or about June 21, 2021, defendant **LAZARO AGUERO** transferred stolen gasoline at Techno-Fuel.

39.     On or about July 8, 2021, defendant **JULIO MITJANS** received stolen gasoline at Techno-Fuel.

39.     On or about August 3, 2021, defendant **KIRK RUSSELL** delivered stolen gasoline to the Sunoco station.

40.     On or about August 3, 2021, defendant **MD GOLUM MAHBUB** received stolen gasoline at the Sunoco station.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

From on or about February 21, 2020, through on or about July 8, 2021, in Broward County, in the Southern District of Florida, the defendant,

### JULIO MITJANS,

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 3

From on or about February 20, 2020, through on or about August 3, 2021, in Broward County, in the Southern District of Florida, the defendant,

### KIRK RUSSELL,

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were

moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

### COUNT 4

From on or about February 28, 2020, through on or about February 23, 2021, in Broward County, in the Southern District of Florida, the defendant,

**CARL WALLACE,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

### COUNT 5

From on or about April 18, 2021, through on or about May 26, 2021, in Broward County, in the Southern District of Florida, the defendant,

**DAMION MCDONALD,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

### COUNT 6

From on or about March 26, 2020, through on or about September 29, 2020, in Broward County, in the Southern District of Florida, the defendant,

**YANKO RODRIGUEZ,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 7

From on or about February 21, 2020, through on or about June 21, 2021, in Broward County, in the Southern District of Florida, the defendant,

**LAZARO AGUEROS,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 8

From on or about March 4, 2020, through on or about June 1, 2020, in Broward County, in the Southern District of Florida, the defendant,

**MARIO YANES NUNEZ,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 9

From on or about February 11, 2020, through on or about August 3, 2021, in Broward County, in the Southern District of Florida, the defendant,

**MD GOLUM MAHBUB,**

did knowingly buy, receive, and have in his possession goods and chattels valued at $1,000.00 or more, that is gasoline, knowing the same to have been embezzled or stolen, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**v.**

JULIO MITJANS, ET. AL.,

_____/
Defendants.

CASE NO.: *22-60084-eRSmith/Valle*

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)

☐ Miami   ☐ Key West   ☐ FTP
☑ FTL   ☐ WPB

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) Yes
    List language and/or dialect: Spanish

4.  This case will take   0   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)
    I    ☑ 0 to  5 days            ☐ Petty
    II   ☐ 6 to 10 days            ☐ Minor
    III  ☐ 11 to 20 days           ☐ Misdemeanor
    IV   ☐ 21 to 60 days           ☑ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge                          Case No.

7.  Has a complaint been filed in this matter? (Yes or No) Yes
    If yes, Magistrate Case No. 22-06062-MJ-PMH

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge                          Case No.

9.  Defendant(s) in federal custody as of

10. Defendant(s) in state custody as of

11. Rule 20 from the                    District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: *Donald F Chase II*
Donald F. Chase, II
Assistant United States Attorney
Court ID No.   A5500077

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant's Name:   **JULIO MITJANS**
_____

Case No: _____

Count #:1

Conspiracy to Commit an Offense Against the United States
_____

18 U.S.C. § 371
_____

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.
_____

Count #: 2

Theft of an Interstate and Foreign Commerce Shipment
_____

18 U.S.C. §§ 659 and 2
_____

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.
_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **KIRK RUSSELL**

**Case No:**

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 3

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   CARL WALLACE

**Case No:**

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 4

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant's Name:   **DAMION MCDONALD** _____

**Case No:** _____

Count #:1

Conspiracy to Commit an Offense Against the United States _____

18 U.S.C. § 371 _____

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #:5

Theft of an Interstate and Foreign Commerce Shipment _____

18 U.S.C. §§ 659 and 2 _____

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   <u>YANKO RODRIGUEZ</u>

**Case No:**   _____

Count #:1

<u>Conspiracy to Commit an Offense Against the United States</u>

<u>18 U.S.C. § 371</u>

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release;
$250,000.00 fine; $100 special assessment.

Count #: 6

<u>Theft of an Interstate and Foreign Commerce Shipment</u>

<u>18 U.S.C. §§ 659 and 2</u>

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release;
$250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **LAZARO AGUEROS**

**Case No:**

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 7

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   MARIO YANES NUNEZ

**Case No:** _____

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 8

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Case 0:22-cr-60084-RS   Document 80   Entered on FLSD Docket 04/29/2022   Page 18 of 26

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:   MD GOLUM MAHBUB**

**Case No:**

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 9

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. *22-60084-cr-Smith/Valle* |
| Julio Mitjans, | ) | |
| | ) | |
| _Defendant_ | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

J. David Bogenschutz
_Printed name of defendant's attorney_

_____
_Judge's signature_

_____
_Judge's printed name and title_

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

United States of America )
v. )   Case No. 22-60084-UR Smith/Valle
Kirk Russell, )
)
_____ )
Defendant )

### WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Joshua Monteiro
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# United States District Court
for the
Southern District of Florida

United States of America     )
    v.     )
Carl Wallace,     )
    )
—————————————— )
*Defendant*     )

Case No. *22-60084-CR Smith/Valle*

## WAIVER OF AN INDICTMENT

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

James Stewart Lewis, Jr.
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | Case No. _22-60084-Mc-Smith/Valle_ |
| v. | ) | |
| Damion McDonald | ) | |
| | ) | |
| _Defendant_ | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

Sidney Zale Fleishman
_Printed name of defendant's attorney_

_____
_Judge's signature_

_____
_Judge's printed name and title_

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. *22-60084-cr-Smith/Valle* |
| Yanko Rodriguez, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Juan M. Gonzalez
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. *22-60084-UC-Smith/Valle* |
| Lazaro Agueros, | ) | |
| | ) | |
| _____ *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

Diego Weiner
_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. *22-60084-cr-Smith/Valle* |
| Marlo Yanes Nunez | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.


Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

Juan Mourin
_____
*Printed name of defendant's attorney*


_____
*Judge's signature*


_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 22-60084-*UU-Smith/Valle* |
| MD Golum Mahbub, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

John A. Weekes, Jr.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*



Exhibit "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-CR-SMITH/VALLE

UNITED STATES OF AMERICA

v.

YANKO RODRIGUEZ,

           Defendant.

_____/

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States of America and the defendant, Yanko Rodriguez, submit these agreed facts in support of the defendant's plea of guilty to Count Six (6) of the Information. The parties agree that if this case were to proceed to trial, the government's witnesses and evidence would establish the following facts beyond a reasonable doubt.

### THE THEFT OF FUEL

1.    Thefts have occurred when the Southfork Transportation truck drivers Kirk Russell ("Russell"), Carl Wallace ("Wallace"), and Damion McDonald ("McDonald") delivered to client gas stations in South Florida less than the contracted amount but within the possible error range depending upon weather conditions and the expansion or contraction of the station's fuel underground storage tanks. The amount of fuel stolen from the client gas stations depended upon the size of their underground storage tanks. The larger the tank, the greater the amount of error or gallons that could be stolen but remain in range of error. The amount of fuel shorted or not delivered as contracted to the client gas stations was between 150-250 gallons.

### WHAT HAPPENED TO THE STOLEN FUEL

2.    Fuel stolen by Southfork Transport truck drivers Wallace, Russell, and McDonald, was sold at a discount to the defendant Julio Mitjans ("Mitjans"), who owns the Techno-Fuel trucking yard located at 4700 SW 30th Street, Davie, Broward County, Florida. Mitjans also employed several truck drivers that facilitated

the theft and the subsequent delivery of stolen fuel for Mitjans: Yanko Rodriguez ("Rodriguez"), Lazaro Agueros, and Mario Yanes Nunez. Mitjans sold the stolen fuel at retail prices to uninvolved and unsuspecting customers.

3.    The reward received by the truck drivers for participating in the fuel thefts was a job and a salary. There was no payment for each theft committed. It was understood that to be employed involved making legitimate fuel deliveries and stealing fuel by delivering less than the contracted amount that would subsequently be transferred to Mitjans.

## THE PROOF OF GUILT

4.    The evidence of guilt comes from several sources.

(A)    GPS devices were affixed by their employer to the Southfork Transportation trucks of the drivers Russell, Wallace, and McDonald with their full knowledge. Truck drivers transporting fuel are required to transit, without deviation, from Port Everglades[1] fuel distribution points to client gas stations. This stringent direct-route requirement is an industry standard due to safety concerns involving terrorism, fire emergencies, security vulnerabilities, and potential hazardous material spillage. Analysis of the GPS data revealed the fuel tanker trucks belonging to Russell, Wallace, and McDonald transited more than one hundred times from Port Everglades fuel distribution points directly to the Techno-Fuel trucking yard in Broward County, stopping for several minutes, and subsequently departing to their intended gas station deliveries. Mitjans' Techno-Fuel trucking yard did not have a contract for the delivery of fuel by Southfork Transport. A grand jury subpoena served on failed to disclose a single delivery of fuel by a Southfork Transport truck although hundreds were witnessed by video surveillance.

---

[1]    Port Everglades is "South Florida's primary storage and distribution center for refined petroleum," where about 12.5 million gallons of refined petroleum products are received on a daily basis on fuel tanker ships deriving from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America. All of the petroleum products at Port Everglades originate from outside of the State of Florida. Bills of ladings are available to prove the foreign and interstate commerce nexus of the stolen gasoline.

2

(B)     Video recordings obtained by the FBI through human surveillance and pole cameras show the defendant fuel truck drivers at locations where they did not belong because no contract existed with Southfork Transport to deliver fuel to these gas stations and Mitjans' Techno-Fuel trucking yard.

(C)     The video surveillance obtained by the FBI shows Mitjans' Techno-Fuel employees, including the defendant Rodriguez, offloading fuel from Southfork Transport trucks into a gasoline truck used to store the stolen fuel. Since no contractual relationship existed between Southfork Transport and Techno-Fuel, the Techno-Fuel employees and defendants had no right to access a Southfork Transport truck.

(D)     The time spent offloading fuel from the Southfork Transport trucks to the gasoline truck Mitjans used to store the stolen fuel was consistent with the delivery of 150-250 gallons. The FBI through controlled deliveries was able to establish that approximately 67 gallons of gasoline a minute is delivered by gravity through a fuel truck's line once the spigot value is opened.

5.     Based upon the evidence described above, Techno-Fuel truck driver Rodriguez committed 16 thefts of fuel:

| Stolen fuel transferred at Julio Mitjans' Techno-Fuel Trucking Yard by Yanko Rodriguez | | | |
|---|---|---|---|
| Date | Gallons Stolen | Estimated Loss[2] | Activity |
| 3/26/2020 | 670 | $1,507.50 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/13/2020 | 737 | $1,658.25 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/14/2020 | 1206 | $2,713.50 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/15/2020 | 670 | $1,507.50 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/17/2020 | 603 | $1,356.75 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 4/20/2020 | 804 | $1,809.00 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/21/2020 | 536 | $1,206.00 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 4/21/2020 | 670 | $1,507.50 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/28/2020 | 1541 | $3,467.25 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 5/25/2020 | 1005 | $2,261.25 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |

[2]     The price per gallon used to calculate the loss is $2.25 or the average cost of a gallon of gasoline during the dates of the offense of conviction.

| 5/26/2020 | 134 | $301.50 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 6/1/2020 | 469 | $1,055.25 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 6/18/2020 | 536 | $1,206.00 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 8/3/2020 | 603 | $1,356.75 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 8/28/2020 | 2010 | $4,522.50 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 9/29/2020 | 1206 | $2,713.50 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |

6.　　In summary, the defendant did, from on or about March 26, 2020, through on or about September 29, 2020, in Broward County, knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/13/22　　By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

Date: 07/12/2022　　_____
JUAN M. GONZALEZ
COUNSEL FOR THE DEFENDANT

Date: 07/12/2022　　_____
YANKO RODRIGUEZ
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-CR-SMITH/VALLE

UNITED STATES OF AMERICA

v.

LAZARO AGUEROS,

        Defendant.

_____/

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States of America and the defendant, Lazaro Agueros, submit these agreed facts in support of the defendant's plea of guilty to Count Seven (7) of the Information. The parties agree that if this case were to proceed to trial, the government's witnesses and evidence would establish the following facts beyond a reasonable doubt.

### THE THEFT OF FUEL

1.     Thefts have occurred when the Southfork Transportation truck drivers Kirk Russell ("Russell"), Carl Wallace ("Wallace"), and Damion McDonald ("McDonald") delivered to client gas stations in South Florida less than the contracted amount but within the possible error range depending upon weather conditions and the expansion or contraction of the station's fuel underground storage tanks. The amount of fuel stolen from the client gas stations depended upon the size of their underground storage tanks. The larger the tank, the greater the amount of error or gallons that could be stolen but remain in range of error. The amount of fuel shorted or not delivered as contracted to the client gas stations was between 150-250 gallons.

### WHAT HAPPENED TO THE STOLEN FUEL

2.     Fuel stolen by Southfork Transport truck drivers Wallace, Russell, and McDonald, was sold at a discount to the defendant Julio Mitjans ("Mitjans"), who owns the Techno-Fuel trucking yard located at 4700 SW 30th Street, Davie, Broward County, Florida. Mitjans also employed several truck drivers that facilitated

the theft and the subsequent delivery of stolen fuel for Mitjans: Yanko Rodriguez, Lazaro Agueros ('Agueros'), and Mario Yanes Nunez. Mitjans sold the stolen fuel at retail prices to uninvolved and unsuspecting customers.

3.    The reward received by the truck drivers for participating in the fuel thefts was a job and a salary. There was no payment for each theft committed. It was understood that to be employed involved making legitimate fuel deliveries and stealing fuel by delivering less than the contracted amount that would subsequently be transferred to Mitjans.

## THE PROOF OF GUILT

4.    The evidence of guilt comes from several sources.

(A)    GPS devices were affixed by their employer to the Southfork Transportation trucks of the drivers Russell, Wallace, and McDonald with their full knowledge. Truck drivers transporting fuel are required to transit, without deviation, from Port Everglades[1] fuel distribution points to client gas stations. This stringent direct-route requirement is an industry standard due to safety concerns involving terrorism, fire emergencies, security vulnerabilities, and potential hazardous material spillage. Analysis of the GPS data revealed the fuel tanker trucks belonging to Russell, Wallace, and McDonald transited more than one hundred times from Port Everglades fuel distribution points directly to the Techno-Fuel trucking yard in Broward County, stopping for several minutes, and subsequently departing to their intended gas station deliveries. Mitjans' Techno-Fuel trucking yard did not have a contract for the delivery of fuel by Southfork Transport. A grand jury subpoena served on failed to disclose a single delivery of fuel by a Southfork Transport truck although hundreds were witnessed by video surveillance.

---

[1]    Port Everglades is "South Florida's primary storage and distribution center for refined petroleum," where about 12.5 million gallons of refined petroleum products are received on a daily basis on fuel tanker ships deriving from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America. All of the petroleum products at Port Everglades originate from outside of the State of Florida. Bills of ladings are available to prove the foreign and interstate commerce nexus of the stolen gasoline.

(B)     Video recordings obtained by the FBI through human surveillance and pole cameras show the defendant fuel truck drivers at locations where they did not belong because no contract existed with Southfork Transport to deliver fuel to these gas stations and Mitjans' Techno-Fuel trucking yard.

(C)     The video surveillance obtained by the FBI shows Mitjans' Techno-Fuel employees, including the defendant Agueros, offloading fuel from Southfork Transport trucks into a gasoline truck used to store the stolen fuel. Since no contractual relationship existed between Southfork Transport and Techno-Fuel, the Techno-Fuel employees and defendants had no right to access a Southfork Transport truck.

(D)     The time spent offloading fuel from the Southfork Transport trucks to the gasoline truck Mitjans used to store the stolen fuel was consistent with the delivery of 150-250 gallons. The FBI through controlled deliveries was able to establish that approximately 67 gallons of gasoline a minute is delivered by gravity through a fuel truck's line once the spigot value is opened.

(E)     The FBI conducted controlled deliveries to some of the defendants (Mitjans and Agueros) of what was represented to be stolen gasoline in a gasoline truck that was subsequently offloaded. The modus operandi used by the defendants pertaining to the controlled deliveries of gasoline represented to have been stolen was identical to other gasoline thefts witnessed by the video surveillance compiled by the FBI.

5.     Based upon the evidence described above, Techno-Fuel truck driver Agueros committed 36 thefts of gasoline that caused a loss of $77,013.

| Stolen gasoline transferred at Julio Mitjans' Techno-Fuel Trucking Yard by Lazaro Agueros | | | |
| --- | --- | --- | --- |
| Date | Time/Minutes | Gallons Stolen | Activity |
| 2/21/2020 | N/A | 637 | Controlled Delivery |
| 2/24/2020 | N/A | 526 | Controlled Delivery |
| 3/3/2020 | 12:00 AM | 670 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 3/26/2020 | 14 | 938 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 3/27/2020 | 11 | 737 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |

| 4/10/2020 | 29 | 1943 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
|---|---|---|---|
| 4/18/2020 | 12 | 804 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/21/2020 | 12:00 AM | 335 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/24/2020 | 8 | 536 | Transfer stolen gas from Mitjans' tanker to Mitjans' truck |
| 5/9/2020 | 9 | 603 | Gas stolen from Southfork tanker put into Mitjans' tanker |
| 5/13/2020 | 3 | 201 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 5/16/2020 | 3 | 201 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 6/9/2020 | 22 | 1474 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 6/11/2020 | 4 | 268 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 6/12/2020 | 5 | 335 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 6/22/2020 | 54 | 3,618 | Stolen fuel taken from Mitjans' tanker to Mitjans' truck |
| 6/30/2020 | 10 | 670 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 7/1/2020 | 9 | 603 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 7/14/2020 | 11 | 369 | Gas stolen from Southfork tanker put into Mitjans' tanker |
| 7/21/2020 | 26 | 871 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 7/30/2020 | 24 | 1608 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 8/28/2020 | 16 | 1072 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 9/1/2020 | 39 | 2613 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 9/2/2020 | 15 | 502 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 9/8/2020 | 12 | 804 | Stolen fuel taken from Mitjans' tanker to Mitjans' truck |
| 9/15/2020 | 13 | 436 | Stolen fuel from Southfork tanker put into Mitjans tanker |
| 9/17/2020 | 52 | 3484 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 9/23/2020 | 11 | 737 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 9/29/2020 | 10 | 670 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 12/14/2020 | 12 | 804 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 1/25/2021 | 5 | 335 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 3/2/2021 | 14 | 938 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 3/31/2021 | 15 | 1005 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/15/2021 | 8 | 536 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 5/1/2021 | 31 | 2077 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 6/21/2021 | 14 | 938 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| | 36 Thefts | 34,228 | Estimated stolen gallons Agueros transferred |
| | x $2.25[2] per gallon | | |
| | $77,013.00 | | Value of gasoline transferred to trucks |

6.     In summary, the defendant did, from on or about February 21, 2020, through on or about June 21, 2021, in Broward County, knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and

---

[2]     The price per gallon used to calculate the loss is $2.25 or the average cost of a gallon of gasoline during the dates of the offense of conviction.

4

deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued

at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and

which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation

of Title 18, United States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/17/22          By: _____

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

Date: 7/13/22          _____

DIEGO WEINER
COUNSEL FOR THE DEFENDANT

Date: 7/13/22          _____

LAZARO AGUEROS
DEFENDANT

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-CR-SMITH/VALLE

UNITED STATES OF AMERICA

v.

MARIO YANES NUNEZ,

          Defendant.

_____/

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

      The United States of America and the defendant, Mario Yanes Nunez, submit these agreed facts in support of the defendant's plea of guilty to Count Eight (8) of the Information. The parties agree that if this case were to proceed to trial, the government's witnesses and evidence would establish the following facts beyond a reasonable doubt.

### THE THEFT OF FUEL

1.      Thefts have occurred when the Southfork Transportation truck drivers Kirk Russell ("Russell"), Carl Wallace ("Wallace"), and Damion McDonald ("McDonald") delivered to client gas stations in South Florida less than the contracted amount but within the possible error range depending upon weather conditions and the expansion or contraction of the station's fuel underground storage tanks. The amount of fuel stolen from the client gas stations depended upon the size of their underground storage tanks. The larger the tank, the greater the amount of error or gallons that could be stolen but remain in range of error. The amount of fuel shorted or not delivered as contracted to the client gas stations was between 150-250 gallons.

### WHAT HAPPENED TO THE STOLEN FUEL

2.      Fuel stolen by Southfork Transport truck drivers Wallace, Russell, and McDonald, was sold at a discount to the defendant Julio Mitjans ("Mitjans"), who owns the Techno-Fuel trucking yard located at 4700 SW 30th Street, Davie, Broward County, Florida. Mitjans also employed several truck drivers that facilitated

the theft and the subsequent delivery of stolen fuel for Mitjans: Yanko Rodriguez, Lazaro Agueros, and Mario Yanes Nunez ("Nunez"). Mitjans sold the stolen fuel at retail prices to uninvolved and unsuspecting customers.

3. The reward received by the truck drivers for participating in the fuel thefts was a job and a salary. There was no payment for each theft committed. It was understood that to be employed involved making legitimate fuel deliveries and stealing fuel by delivering less than the contracted amount that would subsequently be transferred to Mitjans.

## THE PROOF OF GUILT

4. The evidence of guilt comes from several sources.

(A)     GPS devices were affixed by their employer to the Southfork Transportation trucks of the drivers Russell, Wallace, and McDonald with their full knowledge. Truck drivers transporting fuel are required to transit, without deviation, from Port Everglades[1] fuel distribution points to client gas stations. This stringent direct-route requirement is an industry standard due to safety concerns involving terrorism, fire emergencies, security vulnerabilities, and potential hazardous material spillage. Analysis of the GPS data revealed the fuel tanker trucks belonging to Russell, Wallace, and McDonald transited more than one hundred times from Port Everglades fuel distribution points directly to the Techno-Fuel trucking yard in Broward County, stopping for several minutes, and subsequently departing to their intended gas station deliveries. Mitjans' Techno-Fuel trucking yard did not have a contract for the delivery of fuel by Southfork Transport. A grand jury subpoena served on failed to disclose a single delivery of fuel by a Southfork Transport truck although hundreds were witnessed by video surveillance.

---

[1]     Port Everglades is "South Florida's primary storage and distribution center for refined petroleum," where about 12.5 million gallons of refined petroleum products are received on a daily basis on fuel tanker ships deriving from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America. All of the petroleum products at Port Everglades originate from outside of the State of Florida. Bills of ladings are available to prove the foreign and interstate commerce nexus of the stolen gasoline.

(B)     Video recordings obtained by the FBI through human surveillance and pole cameras show the defendant fuel truck drivers at locations where they did not belong because no contract existed with Southfork Transport to deliver fuel to these gas stations and Mitjans' Techno-Fuel trucking yard.

(C)     The video surveillance obtained by the FBI shows Mitjans' Techno-Fuel employees, including the defendant Nunez, offloading fuel from Southfork Transport trucks into a gasoline truck used to store the stolen fuel.  Since no contractual relationship existed between Southfork Transport and Techno-Fuel, the Techno-Fuel employees and defendants had no right to access a Southfork Transport truck.

(D)     The time spent offloading fuel from the Southfork Transport trucks to the gasoline truck Mitjans used to store the stolen fuel was consistent with the delivery of 150-250 gallons.  The FBI through controlled deliveries was able to establish that approximately 67 gallons of gasoline a minute is delivered by gravity through a fuel truck's line once the spigot value is opened.

5.     Based upon the evidence described above, Techno-Fuel truck driver Nunez committed six (6) thefts of gasoline that caused a loss of $14,094.00.

| Stolen gasoline transferred at Julio Mitjans' Techno-Fuel Trucking Yard by Mario Yanes Nunez | | | |
|---|---|---|---|
| Date | Transfer Time | Gallons Stolen | Activity |
| 3/4/2020 | 12:00 AM | 1742 | Stolen fuel taken from Mitjans' tanker to Mitjans' truck |
| 3/26/2020 | 14 | 469 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 3/26/2020 | 14 | 938 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 4/28/2020 | 14 | 938 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 5/11/2020 | 17 | 1139 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| 6/1/2020 | 31 | 1038 | Transfer stolen fuel from Mitjans' tanker to Mitjans' truck |
| | 6 Thefts | 6,264.00 | Stolen gallons Nunez transferred to Mitjans' trucks |
| | | $2.25[2] per gallon | |
| | | $14,094 | |

---

[2]     The price per gallon used to calculate the loss is $2.25 or the average cost of a gallon of gasoline during the dates of the offense of conviction.

3

6.    In summary, the defendant did, from on or about March 4, 2020, through on or about June 1, 2020,

in Broward County, knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception,

and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00

or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted

part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United

States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/7/22                    By: _____
                                    DONALD F. CHASE, II
                                    ASSISTANT UNITED STATES ATTORNEY

Date: 7/13/22                   _____
                                    JUAN MORIN
                                    COUNSEL FOR THE DEFENDANT

Date: 07/13/22                  _____
                                    MARIO YANES-NUNEZ
                                    DEFENDANT

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-CR-SMITH/VALLE

UNITED STATES OF AMERICA

v.

MD GOLUM MAHBUB,

     Defendant.

_____/

**FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

     The United States of America and the defendant, MD Golum Mahbub, submit these agreed facts in support of the defendant's plea of guilty to Count Nine (9) of the Information.  The parties agree that if this case were to proceed to trial, the government's witnesses and evidence would establish the following facts beyond a reasonable doubt.

THE THEFT OF FUEL

1.     Thefts have occurred when the Southfork Transportation truck drivers Kirk Russell ("Russell"), Carl Wallace ("Wallace"), and Damion McDonald ("McDonald") delivered to client gas stations in South Florida less than the contracted amount but within the possible error range depending upon weather conditions and the expansion or contraction of the station's fuel underground storage tanks.  The amount of fuel stolen from the client gas stations depended upon the size of their underground storage tanks.  The larger the tank, the greater the amount of error or gallons that could be stolen but remain in range of error.  The amount of fuel shorted or not delivered as contracted to the client gas stations was between 150-250 gallons.

2.     Thefts also were committed at Port Everglades by truck drivers Russell and Wallace that involved diverting fuel from its intended tank to a storage tank on the truck usually left empty.

<u>WHAT HAPPENED TO THE STOLEN FUEL</u>

3.      Fuel stolen by Southfork Transport truck drivers Russell and Wallace was sold to a Sunoco gas station located at 598 NE 44th Street (Prospect Road), Oakland Park, Broward County, Florida, operated by MD Golum Mahbub ("Mahbub"). Mahbub would purchase the stolen gasoline at 60 percent of the price listed on the price board at his gas station. Mahbub would thereafter sell the discounted gasoline to his customers at the retail price to profit from his crimes.

<u>THE PROOF OF GUILT</u>

4.      The evidence of guilt comes from several sources.

        (A)     GPS devices were affixed by their employer to the Southfork Transportation trucks of the drivers Russell, Wallace, and McDonald with their full knowledge. Truck drivers transporting fuel are required to transit, without deviation, from Port Everglades fuel distribution points to client gas stations. This stringent direct-route requirement is an industry standard due to safety concerns involving terrorism, fire emergencies, security vulnerabilities, and potential hazardous material spillage. The GPS data recorded the delivery of stolen fuel to Mahbub's Sunoco gas station.

        (B)     Mahbub's Sunoco gas station did not have a contract for the delivery of fuel by Southfork Transport. A grand jury subpoena served failed to disclose a single delivery of fuel by a Southfork Transport truck although hundreds were witnessed by video surveillance.

        (C)     Video recordings obtained by the FBI through human surveillance and pole cameras show the defendant gasoline truck drivers at the Sunoco gas station operated by Mahbub unloading gasoline where they did not belong because no contract existed with Southfork Transport to deliver gasoline to this gas station.

5.      Based upon the evidence described above, Mahbub received 262 known deliveries of stolen gasoline valued at approximately $413,775.00 from the truck drivers listed below:

**STOLEN GASOLINE DELIVERIES TO MAHBUB'S SUNOCO GAS STATION BY KIRK RUSSELL**

| Date | Minutes | Gallons Stolen | Activity |
|---|---|---|---|
| 2/20/2020 | 2 | 900 | Russell Delivery at Sunoco |
| 2/23/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 2/26/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/6/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 3/7/2020 | 3 | 900 | Russell Delivery at Sunoco. |
| 3/10/2020 | 3 | 900 | Russell/Wallace Delivery at Sunoco |
| 3/14/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/18/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/20/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/22/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/22/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/25/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 4/4/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 4/19/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 4/22/2020 | 4 | 1000 | Russell Delivery at Sunoco |
| 4/29/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 5/13/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 5/16/2020 | 4 | 1200 | Russell Delivery at Sunoco |
| 5/23/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 6/5/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 6/19/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 6/28/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/1/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/2/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/5/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 7/22/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 7/25/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/26/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/29/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/31/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 8/19/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 8/21/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 8/23/2020 | 5 | 1000 | Russell Delivery at Sunoco |
| 9/3/2020 | 6 | 1000 | Russell Delivery at Sunoco |
| 9/10/2020 | 4 | 1000 | Russell Delivery at Sunoco |
| 9/17/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 9/24/2020 | 4 | 1000 | Russell Delivery at Sunoco |
| 10/17/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 10/19/2020 | 3 | 600 | Russell Delivery at Sunoco |

| | | | |
|---|---|---|---|
| 10/20/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 10/22/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 10/24/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 10/30/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/1/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/10/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/20/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/24/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/27/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/28/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/3/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/4/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/4/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/6/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/8/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/8/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/11/2020 | 3 | 600 | Russell/Wallace Delivery at Sunoco |
| 12/12/2020 | 3 | 600 | Russell/Wallace Delivery at Sunoco |
| 12/16/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/24/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/25/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/26/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 1/3/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/8/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/9/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/12/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/14/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/17/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/20/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/22/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/14/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/19/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/20/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/24/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/24/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/2/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/5/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/7/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/10/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/13/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/15/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/15/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/30/2021 | 3 | 600 | Russell Delivery at Sunoco |

| | | | |
|---|---|---|---|
| 4/11/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 4/14/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 4/21/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/1/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/3/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/4/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/9/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/10/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/12/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/13/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/15/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/19/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/4/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/5/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/6/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/8/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/9/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/10/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/14/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/15/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/16/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/18/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/22/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/25/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 7/11/2021 | 3 | 600 | Russell/Brown Delivery at Sunoco |
| 7/21/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 7/21/2021 | 3 | 750 | Russell Delivery at Sunoco |
| 7/25/2021 | 3 | 1800 | Russell Delivery at Sunoco |
| 7/25/2021 | 3 | 750 | Russell Delivery at Sunoco |
| 7/29/2021 | 2.5 | 750 | Russell Delivery at Sunoco |
| 8/3/2021 | 2 | 600 | Russell Delivery at Sunoco |

78650

x $2.25[1]

| | |
|---|---|
| $176,962.50 | Amount of Theft |

**STOLEN GASOLINE DELIVERIES TO MAHBUB'S SUNOCO GAS STATION BY CARL WALLACE**

| Date | Minutes | Gallons Stolen | Activity |
|---|---|---|---|
| 2/28/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |

---

[1]	The price per gallon used to calculate the loss is $2.25 or the average cost of a gallon of gasoline during the dates of the offense of conviction.

| 3/16/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
|-----------|---|-----|----------------------------------|
| 3/20/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 4/2/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 4/5/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 4/15/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 4/19/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 4/27/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/1/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/2/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/4/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/8/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/9/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/10/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/12/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/14/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/18/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/20/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/23/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/24/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 5/26/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 5/30/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 6/18/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 6/22/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 7/12/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 8/26/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 8/29/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 9/5/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 9/13/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 9/18/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 9/19/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 9/20/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 9/26/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 9/27/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 9/28/2020 | 3 | 1000 | Carl Wallace Delivery at Sunoco |
| 10/5/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 10/6/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 10/18/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 10/27/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 10/28/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/11/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/12/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/14/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/16/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |

| 11/19/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/22/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/25/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/28/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/30/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/2/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/4/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/6/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/12/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/12/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/13/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/18/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/21/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/6/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/7/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/8/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/9/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/13/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/16/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/17/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/18/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/19/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/22/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/25/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/29/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/31/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/1/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/6/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/8/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/14/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/15/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/18/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/20/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/23/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| | | 54400 | |
| | | x 2.25 | |
| | | $122,400 | Amount of Theft |

**STOLEN GASOLINE DELIVERIES TO MAHBUB'S SUNOCO GAS STATION BY RICARDO BROWN**

| Date | Minutes | Estimated Gallons Stolen | Activity |
|------|---------|--------------------------|----------|
| 6/20/2021 | 6 mins | 1800 | Driving Russell's truck |
| 7/11/2021 | 3 mins | 750 | Driving Russell's truck |
| 8/2/2021 | | 900 | Driving Russell's truck |
| | | 3450 | |
| | | x 2.25 | |
| | | 7,762 | Amount of Theft |

**STOLEN GASOLINE DELIVERIES TO MAHBUB'S SUNOCO GAS STATION BY HEROD BELAIR**

| Date | Minutes | Gallons Stolen | Activity |
|------|---------|----------------|----------|
| 2/11/2020 | 5 | 1500 | Delivering gasoline at Sunoco |
| 2/12/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 2/14/2020 | 4 | 1200 | Delivering gasoline at Sunoco |
| 2/15/2020 | 5 | 1500 | Delivering gasoline at Sunoco |
| 2/17/2020 | 4 | 1200 | Delivering gasoline at Sunoco |
| 2/22/2020 | 11 | 3300 | Delivering gasoline at Sunoco |
| 2/27/2020 | 4 | 1200 | Delivering gasoline at Sunoco |
| 2/29/2020 | 2 | 600 | Delivering gasoline at Sunoco |
| 3/7/2020 | 1.5 | 450 | Delivering gasoline at Sunoco |
| 3/10/2020 | 3 | 900 | Delivering gasoline at Sunoco |
| 3/13/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 3/17/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 3/26/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/3/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/9/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/10/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/14/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/16/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/18/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/21/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/23/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/24/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/25/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 4/30/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/4/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/5/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/6/2020 | 3 | 600 | Delivering gasoline at Sunoco |

| | | | |
|---|---|---|---|
| 5/8/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/9/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/12/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/14/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/15/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/18/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/21/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/22/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/22/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/26/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/27/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/28/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/29/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 5/30/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/2/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/3/2020 | 3 | 600 | 2:59 AM Illegal Delivery of fuel at Sunoco |
| 6/4/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/5/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/6/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/9/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/10/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/11/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/13/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/15/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/17/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/18/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 6/29/2020 | 3 | 600 | 4:34 AM Illegal Delivery fuel at Sunoco |
| 7/3/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/4/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/6/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/7/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/9/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/11/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/14/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/17/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/21/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/24/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/25/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/27/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/28/2020 | 3 | 600 | Delivering gasoline at Sunoco |
| 7/31/2021 | 3 | 750 | Delivering gasoline at Sunoco |

47400
x 2.25

| $106,650.00 | Amount of Theft |
|---|---|

6.      In summary, the defendant did, from on or about February 11, 2020, through on or about August 3, 2021, in Broward County, knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

                                        JUAN ANTONIO GONZALEZ
                                        UNITED STATES ATTORNEY

Date: _7/13/22_                By: _____
                                        DONALD F. CHASE, II
                                        ASSISTANT UNITED STATES ATTORNEY

Date: _7 - 13-22_                   _____
                                        JOHN A. WEEKES, JR.
                                        COUNSEL FOR THE DEFENDANT

Date: _07 - 13 -22_                 _____
                                        MD GOLUM MAHBUB
                                        DEFENDANT

Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By_____
                      Deputy Clerk
Date _8/16/22_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-CR-SMITH/VALLE

UNITED STATES OF AMERICA

v.

DAMION MCDONALD,

     Defendant.
_____/

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

     The United States of America and the defendant, Damion McDonald, submit these agreed facts in support of the defendant's plea of guilty to Count Five (5) of the Information. The parties agree that if this case were to proceed to trial, the government's witnesses and evidence would establish the following facts beyond a reasonable doubt.

### THE THEFT OF FUEL

1.     Thefts have occurred when the Southfork Transportation truck drivers Kirk Russell ("Russell"), Carl Wallace ("Wallace"), and Damion McDonald ("McDonald") delivered to client gas stations in South Florida less than the contracted amount but within the possible error range depending upon weather conditions and the expansion or contraction of the station's fuel underground storage tanks. The amount of fuel stolen from the client gas stations depended upon the size of their underground storage tanks. The larger the tank, the greater the amount of error or gallons that could be stolen but remain in range of error. The amount of fuel shorted or not delivered as contracted to the client gas stations was between 150-250 gallons.

### WHAT HAPPENED TO THE STOLEN FUEL

2.     Fuel stolen by Southfork Transport truck drivers Wallace, Russell, and McDonald, was sold at a discount to the defendant Julio Mitjans ("Mitjans"), who owns the Techno-Fuel trucking yard located at 4700 SW 30th Street, Davie, Broward County, Florida. Mitjans also employed several truck drivers that facilitated

the theft and the subsequent delivery of stolen fuel for Mitjans: Yanko Rodriguez, Lazaro Agueros, and Mario Yanes Nunez. Mitjans sold the stolen fuel at retail prices to uninvolved and unsuspecting customers.

3.      The reward received by the truck drivers for participating in the fuel thefts was a job and a salary. There was no payment for each theft committed. It was understood that to be employed involved making legitimate fuel deliveries and stealing fuel by delivering less than the contracted amount that would subsequently be transferred to Mitjans.

<u>THE PROOF OF GUILT</u>

4.      The evidence of guilt comes from several sources.

(A)      GPS devices were affixed by their employer to the Southfork Transportation trucks of the drivers Russell, Wallace, and McDonald with their full knowledge. Truck drivers transporting fuel are required to transit, without deviation, from Port Everglades fuel distribution points to client gas stations. This stringent direct-route requirement is an industry standard due to safety concerns involving terrorism, fire emergencies, security vulnerabilities, and potential hazardous material spillage. Analysis of the GPS data revealed the fuel tanker trucks belonging to Russell, Wallace, and McDonald transited more than one hundred times from Port Everglades[1] fuel distribution points directly to the Techno-Fuel trucking yard in Broward County, stopping for several minutes, and subsequently departing to their intended gas station deliveries. The GPS data also recorded the delivery of stolen fuel to Mahbub's Sunoco gas station. Neither Mitjans' Techno-Fuel trucking yard nor Mahbub's Sunoco gas station had contracts for the delivery of fuel by Southfork Transport. A grand jury subpoena served on both businesses failed to disclose a single delivery of fuel by a Southfork Transport truck although hundreds were witnessed by video surveillance.

---

[1]      Port Everglades is "South Florida's primary storage and distribution center for refined petroleum," where about 12.5 million gallons of refined petroleum products are received on a daily basis on fuel tanker ships deriving from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America. All of the petroleum products at Port Everglades originate from outside of the State of Florida.[1] Bills of ladings are available to prove the foreign and interstate commerce nexus of the stolen gasoline.

(B)      Video recordings obtained by the FBI through human surveillance and pole cameras show the defendant fuel truck drivers at locations where they did not belong because no contract existed with Southfork Transport to deliver fuel to these gas stations and Mitjans' Techno-Fuel trucking yard.

(C)      The video surveillance obtained by the FBI shows Mitjans' Techno-Fuel employees offloading fuel from Southfork Transport trucks into a gasoline truck used to store the stolen fuel.  Since no contractual relationship existed between Southfork Transport and Techno-Fuel, the Techno-Fuel employees and defendants had no right to access a Southfork Transport truck.

(D)      The time spent offloading fuel from the Southfork Transport trucks to the gasoline truck Mitjans used to store the stolen fuel was consistent with the delivery of 150-250 gallons.  The FBI through controlled deliveries was able to establish that approximately 67 gallons of gasoline a minute is delivered by gravity through a fuel truck's line once the spigot value is opened.

5.       Southfork Transport truck driver McDonald committed 17 thefts of gasoline:

| Gasoline Stolen from a Southfork Trailer at Julio Mitjans' Techno-Fuel Truck Yard by Damion McDonald | | | |
|---|---|---|---|
| Date | Gallons Stolen | Estimated Loss | Activity |
| 4/18/2021 | 536 | $1,206.00 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 4/19/2021 | 335 | $753.75 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 4/19/2021 | 1005 | $2,261.25 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 4/22/2021 | 603 | $1,356.75 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 4/25/2021 | 603 | $1,356.75 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 4/25/2021 | 268 | $603.00 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 4/26/2021 | 804 | $1,809.00 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 5/1/2021 | 150 | $337.50 | Transfer diesel fuel stolen from Southfork tanker to his truck |
| 5/3/2021 | 402 | $904.50 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 5/3/2021 | 670 | $1,507.50 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 5/4/2021 | 1,005 | $2,261.25 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 5/7/2021 | 1,139 | $2,562.75 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 5/7/2021 | 536 | $1,206.00 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 5/8/2021 | 1,139 | $2,562.75 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |

| 5/21/2021 | 150 | $337.50 | Transfer diesel fuel stolen from Southfork tanker to his truck |
| 5/26/2021 | 670 | $1,507.50 | Transfer fuel stolen from Southfork tanker to Mitjans' tanker |
| 5/26/2021 | 300 | $675.00 | Transfer diesel fuel stolen from Southfork tanker to his truck |

6.     In summary, the defendant did, from on or about April 18, 2021, through on or about May 26, 2021,

in Broward County, knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception,

and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00

or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted

part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United

States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/19/22                     By: _____
                                              DONALD F. CHASE, II
                                              ASSISTANT UNITED STATES ATTORNEY

Date: 7/13/22                     _____
                                              SIDNEY ZALE FLEISCHMAN
                                              COUNSEL FOR THE DEFENDANT

Date: 7/13/22                     _____
                                              DAMION MCDONALD
                                              DEFENDANT

Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _____
                        Deputy Clerk
Date 5/16/22

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-CR-SMITH/VALLE

UNITED STATES OF AMERICA

v.

CARL WALLACE,

          Defendant.

_____/

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States of America and the defendant, Carl Wallace, submit these agreed facts in support

of the defendant's plea of guilty to Count Four (4) of the Information.  The parties agree that if this case were

to proceed to trial, the government's witnesses and evidence would establish the following facts beyond a

reasonable doubt.

### THE THEFT OF FUEL

1.       Thefts have occurred when the Southfork Transportation truck drivers Kirk Russell ("Russell"), Carl

Wallace ("Wallace"), and Damion McDonald ("McDonald") delivered to client gas stations in South Florida

less than the contracted amount but within the possible error range depending upon weather conditions and

the expansion or contraction of the station's fuel underground storage tanks.  The amount of fuel stolen from

the client gas stations depended upon the size of their underground storage tanks.  The larger the tank, the

greater the amount of error or gallons that could be stolen but remain in range of error.  The amount of fuel

shorted or not delivered as contracted to the client gas stations was between 150-250 gallons.

2.       Thefts also were committed at Port Everglades by truck drivers Russell and Wallace that involved

diverting fuel from its intended tank to a storage tank on the truck usually left empty.



Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida

By_____ Deputy Clerk

Date_____ AUG 1 6 2022

<u>WHAT HAPPENED TO THE STOLEN FUEL</u>

3.      Fuel stolen by Southfork Transport truck drivers Wallace, Russell, and McDonald, was sold at a discount to the defendant Julio Mitjans ("Mitjans"), who owns the Techno-Fuel trucking yard located at 4700 SW 30th Street, Davie, Broward County, Florida.  Mitjans also employed several truck drivers that facilitated the theft and the subsequent delivery of  stolen fuel for Mitjans:  Yanko Rodriguez, Lazaro Agueros, and Mario Yanes Nunez.. Mitjans sold the stolen fuel at retail prices to uninvolved and unsuspecting customers.

4.      The reward received by the truck drivers for participating in the fuel thefts was a job and a salary. There was no payment for each theft committed.  It was understood that to be employed involved making legitimate fuel deliveries and stealing fuel by delivering less than the contracted amount that would subsequently be transferred to Mitjans.

5.      Additionally, fuel stolen by truck drivers Russell and Wallace by delivering less than the contracted amounts was sold to a Sunoco gas station located at 598 NE 44th Street (Prospect Road), Oakland Park, Broward County, Florida, operated by MD Golum Mahbub ("Mahbub").  Mahbub would purchase the stolen gasoline at 60 percent of the price listed on the price board at his gas station.  Mahbub would thereafter sell the discounted gasoline to his customers at the retail price to profit from his crimes.

<u>THE PROOF OF GUILT</u>

6.      The evidence of guilt comes from several sources.

(A)      GPS devices were affixed by their employer to the Southfork Transportation trucks of the drivers Russell, Wallace, and McDonald with their full knowledge.  Truck drivers transporting fuel are required to transit, without deviation, from Port Everglades fuel distribution points to client gas stations.  This stringent direct-route requirement is an industry standard due to safety concerns involving terrorism, fire emergencies, security vulnerabilities, and potential hazardous material spillage.  Analysis of the GPS data revealed the fuel tanker trucks belonging to Russell, Wallace, and McDonald transited more than one hundred times from Port

Everglades[1] fuel distribution points directly to the Techno-Fuel trucking yard in Broward County, stopping for several minutes, and subsequently departing to their intended gas station deliveries. The GPS data also recorded the delivery of stolen fuel to Mahbub's Sunoco gas station. Neither Mitjans' Techno-Fuel trucking yard nor Mahbub's Sunoco gas station had contracts for the delivery of fuel by Southfork Transport. A grand jury subpoena served on both businesses failed to disclose a single delivery of fuel by a Southfork Transport truck although hundreds were witnessed by video surveillance.

(B)    Video recordings obtained by the FBI through human surveillance and pole cameras show the defendant fuel truck drivers at locations where they did not belong because no contract existed with Southfork Transport to deliver fuel to these gas stations and Mitjans' Techno-Fuel trucking yard.

(C)    The video surveillance obtained by the FBI shows Mitjans' Techno-Fuel employees offloading fuel from Southfork Transport trucks into a gasoline truck used to store the stolen fuel. Since no contractual relationship existed between Southfork Transport and Techno-Fuel, the Techno-Fuel employees and defendants had no right to access a Southfork Transport truck.

(D)    The time spent offloading fuel from the Southfork Transport trucks to the gasoline truck Mitjans used to store the stolen fuel was consistent with the delivery of 150-250 gallons. The FBI through controlled deliveries was able to establish that approximately 67 gallons of gasoline a minute is delivered by gravity through a fuel truck's line once the spigot value is opened.

7.    Wallace made 41 transfers of stolen gasoline valued at approximately $66,476.25 from a Southfork Transport tanker truck to one of Mitjans' tanker trucks or into Wallace's personal vehicle:

---

[1]    Port Everglades is "South Florida's primary storage and distribution center for refined petroleum," where about 12.5 million gallons of refined petroleum products are received on a daily basis on fuel tanker ships deriving from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America. All of the petroleum products at Port Everglades originate from outside of the State of Florida.[1] Bills of ladings are available to prove the foreign and interstate commerce nexus of the stolen gasoline.

GASOLINE STOLEN DELIVERED BY WALLACE AT MITJANS' TECHNO-FUEL TRUCKING YARD

| Date | Minutes | Gallons Stolen | Activity |
|---|---|---|---|
| 6/2/2020 | 13 | 871 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/9/2020 | 18 | 1206 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/9/2020 | 9 | 603 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/11/2020 | 13 | 871 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/12/2020 | 4 | 25 | Transfer gas stolen from Southfork tanker into his Toyota truck. |
| 6/12/2020 | 18 | 1206 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/18/2020 | 7 | 235 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/19/2020 | 18 | 1206 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/20/2020 | 9 | 603 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/22/2020 | 13 | 871 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 6/26/2020 | 14 | 30 | Transfer gas stolen from Southfork tanker into his Toyota truck |
| 7/8/2020 | 10 | 670 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 7/10/2020 | 18 | 1206 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 7/13/2020 | 3 | 30 | Transfer gas stolen from Southfork tanker into his Toyota truck |
| 7/13/2020 | 7 | 469 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 7/16/2020 | 10 | 670 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 7/16/2020 | 5 | 30 | Transfer gas stolen from Southfork tanker into his Toyota truck |
| 7/20/2020 | 4 | 50 | Transfer diesel fuel stolen from Southfork tanker to his truck. |
| 8/12/2020 | 24 | 1608 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 10/4/2020 | 9 | 603 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 10/12/2020 | 11 | 737 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 10/29/2020 | 11 | 737 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 10/30/2020 | 16 | 1072 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 11/17/2020 | 15 | 1005 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 11/17/2020 | 9 | 603 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 12/1/2020 | 5 | 335 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 12/7/2020 | 25 | 1675 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 12/10/2020 | 5 | 335 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 12/14/2020 | 5 | 335 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 12/18/2020 | 12 | 804 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 1/5/2021 | 3 | 201 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 1/12/2021 | 19 | 1273 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 1/15/2021 | 18 | 1206 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 1/16/2021 | 7 | 469 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 1/20/2021 | 14 | 938 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/1/2021 | 11 | 737 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/2/2021 | 3 | 201 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/9/2021 | 12 | 804 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/11/2021 | 19 | 1273 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/13/2021 | 10 | 670 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker. |
| 2/17/2021 | 16 | 1072 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |

| 29,545.00 | Estimated stolen gallons Wallace transferred at Techno-Fuel |
|---|---|
| x 2.25$^2$ | |
| $66,476.25 | |

8.      Wallace made 78 known deliveries of stolen gasoline valued at approximately $122,400.00 to the

Sunoco gas station owned by coconspirator Mahbub:

**STOLEN GASOLINE DELIVERIES TO MAHBUB'S SUNOCO GAS STATION BY CARL WALLACE**

| Date | Minutes | Gallons Stolen | Activity |
|---|---|---|---|
| 2/28/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 3/16/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 3/20/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 4/2/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 4/5/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 4/15/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 4/19/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 4/27/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/1/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/2/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/4/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/8/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/9/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/10/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/12/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/14/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/18/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 5/20/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/23/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 5/24/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 5/26/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 5/30/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 6/18/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 6/22/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 7/12/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 8/26/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 8/29/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |

---

$^2$      The price per gallon used to calculate the loss is $2.25 or the average cost of a gallon of gasoline during the dates of the offense of conviction.

| 9/5/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
|---|---|---|---|
| 9/13/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 9/18/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 9/19/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 9/20/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 9/26/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 9/27/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 9/28/2020 | 3 | 1000` | Carl Wallace Delivery at Sunoco |
| 10/5/2020 | 4 | 1000 | Carl Wallace Delivery at Sunoco |
| 10/6/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 10/18/2020 | 3 | 900 | Carl Wallace Delivery at Sunoco |
| 10/27/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 10/28/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/11/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/12/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/14/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/16/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/19/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/22/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/25/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/28/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 11/30/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/2/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/4/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/6/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/12/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/12/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/13/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/18/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 12/21/2020 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/6/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/7/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/8/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/9/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/13/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/16/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/17/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/18/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/19/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/22/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/25/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/29/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 1/31/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |

| 2/1/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
|---|---|---|---|
| 2/6/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/8/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/14/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/15/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/18/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/20/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| 2/23/2021 | 2 | 600 | Carl Wallace Delivery at Sunoco |
| | | 54400 | |
| | | x $2.25 | |
| | | $122,400 | Amount of Theft |

9.      In summary, the defendant did, from on or about February 28, 2020, through on or about February 23, 2021, in Broward County, knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/13/22                    By: _____
                                      DONALD F. CHASE, II
                                      ASSISTANT UNITED STATES ATTORNEY

Date: 7-13-22                         _____
                                      JAMES LEWIS
                                      COUNSEL FOR THE DEFENDANT

Date: 7/05/22                         _____
                                      CARL WALLACE
                                      DEFENDAN

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-CR-SMITH/VALLE

UNITED STATES OF AMERICA

v.

KIRK RUSSELL,

     Defendant.

_____/

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States of America and the defendant, Kirk Russell, submit these agreed facts in support of the defendant's plea of guilty to Count Three (3) of the Information.  The parties agree that if this case were to proceed to trial, the government's witnesses and evidence would establish the following facts beyond a reasonable doubt.

### THE THEFT OF FUEL

1.     Thefts have occurred when the Southfork Transportation truck drivers Kirk Russell ("Russell"), Carl Wallace ("Wallace"), and Damion McDonald ("McDonald") delivered to client gas stations in South Florida less than the contracted amount but within the possible error range depending upon weather conditions and the expansion or contraction of the station's fuel underground storage tanks.  The amount of fuel stolen from the client gas stations depended upon the size of their underground storage tanks.  The larger the tank, the greater the amount of error or gallons that could be stolen but remain in range of error.  The amount of fuel shorted or not delivered as contracted to the client gas stations was between 150-250 gallons.

2.     Thefts also were committed at Port Everglades by truck drivers Russell and Wallace that involved diverting fuel from its intended tank to a storage tank on the truck usually left empty.

## WHAT HAPPENED TO THE STOLEN FUEL

3.       Fuel stolen by Southfork Transport truck drivers Wallace, Russell, and McDonald, was sold at a discount to the defendant Julio Mitjans ("Mitjans"), who owns the Techno-Fuel trucking yard located at 4700 SW 30th Street, Davie, Broward County, Florida.  Mitjans also employed several truck drivers that facilitated the theft and the subsequent delivery of stolen fuel for Mitjans:  Yanko Rodriguez, Lazaro Agueros, and Mario Yanes Nunez.  Mitjans sold the stolen fuel at retail prices to uninvolved and unsuspecting customers.

4.       The reward received by the truck drivers for participating in the fuel thefts was a job and a salary.  There was no payment for each theft committed.  It was understood that to be employed involved making legitimate fuel deliveries and stealing fuel by delivering less than the contracted amount that would subsequently be transferred to Mitjans.

5.       Additionally, fuel stolen by truck drivers Russell and Wallace by delivering less than the contracted amounts was sold to a Sunoco gas station located at 598 NE 44th Street (Prospect Road), Oakland Park, Broward County, Florida, operated by MD Golum Mahbub ("Mahbub").  Mahbub would purchase the stolen gasoline at 60 percent of the price listed on the price board at his gas station.  Mahbub would thereafter sell the discounted gasoline to his customers at the retail price to profit from his crimes.

## THE PROOF OF GUILT

6.       The evidence of guilt comes from several sources.

       (A)       GPS devices were affixed by their employer to the Southfork Transportation trucks of the drivers Russell, Wallace, and McDonald with their full knowledge.  Truck drivers transporting fuel are required to transit, without deviation, from Port Everglades fuel distribution points to client gas stations.  This stringent direct-route requirement is an industry standard due to safety concerns involving terrorism, fire emergencies, security vulnerabilities, and potential hazardous material spillage.  Analysis of the GPS data revealed the fuel tanker trucks belonging to Russell, Wallace, and McDonald transited more than one hundred times from Port

Everglades[1] fuel distribution points directly to the Techno-Fuel trucking yard in Broward County, stopping for several minutes, and subsequently departing to their intended gas station deliveries. The GPS data also recorded the delivery of stolen fuel to Mahbub's Sunoco gas station. Neither Mitjans' Techno-Fuel trucking yard nor Mahbub's Sunoco gas station had contracts for the delivery of fuel by Southfork Transport. A grand jury subpoena served on both businesses failed to disclose a single delivery of fuel by a Southfork Transport truck although hundreds were witnessed by video surveillance.

(B)    Video recordings obtained by the FBI through human surveillance and pole cameras show the defendant fuel truck drivers at locations where they did not belong because no contract existed with Southfork Transport to deliver fuel to these gas stations and Mitjans' Techno-Fuel trucking yard.

(C)    The video surveillance obtained by the FBI shows Mitjans' Techno-Fuel employees offloading fuel from Southfork Transport trucks into a gasoline truck used to store the stolen fuel. Since no contractual relationship existed between Southfork Transport and Techno-Fuel, the Techno-Fuel employees and defendants had no right to access a Southfork Transport truck.

(D)    The time spent offloading fuel from the Southfork Transport trucks to the gasoline truck Mitjans used to store the stolen fuel was consistent with the delivery of 150-250 gallons. The FBI through controlled deliveries was able to establish that approximately 67 gallons of gasoline a minute is delivered by gravity through a fuel truck's line once the spigot value is opened.

7.    Russell made 25 transfers of stolen gasoline valued at approximately $33,617.25 from a Southfork Transport tanker truck to one of Mitjans' tanker trucks:

---

[1]    Port Everglades is "South Florida's primary storage and distribution center for refined petroleum," where about 12.5 million gallons of refined petroleum products are received on a daily basis on fuel tanker ships deriving from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America. All of the petroleum products at Port Everglades originate from outside of the State of Florida.[1] Bills of ladings are available to prove the foreign and interstate commerce nexus of the stolen gasoline.

3

**GASOLINE STOLEN DELIVERED BY RUSSELL AT MITJANS' TECHNO-FUEL TRUCKING YARD**

| Date | Minutes | Gallons Stolen | Activity |
|------|---------|----------------|----------|
| 4/8/2020 | 11 | 737 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/2/2020 | 7 | 469 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/10/2020 | 11 | 737 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/10/2020 | 6 | 201 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/12/2020 | 6 | 201 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/17/2020 | 14 | 469 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/17/2020 | 8 | 536 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/27/2020 | 5 | 335 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/28/2020 | 10 | 335 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/29/2020 | 10 | 335 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 10/19/2020 | 7 | 737 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 12/8/2020 | 6 | 402 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 12/10/2020 | 7 | 737 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 12/18/2020 | 9 | 603 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 1/14/2021 | 13 | 871 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/3/2021 | 13 | 871 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/6/2021 | 9 | 603 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/12/2021 | 9 | 603 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 2/26/2021 | 10 | 670 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 3/8/2021 | 8 | 536 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| | 10 | 670 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 3/30/2021 | 17 | 1139 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 4/5/2021 | 8 | 536 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 4/24/2021 | 10 | 670 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| 5/19/2021 | 14 | 938 | Transfer gasoline stolen from Southfork tanker to Mitjans' tanker |
| | | 14,941.00 | Estimated stolen gallons Russell transferred to Mitjans' tanker |
| | | x $2.25[2] | |
| | | $33,617.25 | |

8.      Russell also made 113 deliveries of stolen gasoline valued at approximately $176,962.50 to Mahbub at the Sunoco gas station located at 598 NE 44th Street (Prospect Road), Oakland Park, Broward County, Florida:

---

[2]      The price per gallon used to calculate the loss is $2.25 or the average cost of a gallon of gasoline during the dates of the offense of conviction.

**STOLEN GASOLINE DELIVERIES TO MAHBUB'S SUNOCO GAS STATION BY KIRK RUSSELL**

| Date | Minutes | Gallons Stolen | Activity |
|------|---------|----------------|----------|
| 2/20/2020 | 2 | 900 | Russell Delivery at Sunoco |
| 2/23/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 2/26/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/6/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 3/7/2020 | 3 | 900 | Russell Delivery at Sunoco. |
| 3/10/2020 | 3 | 900 | Russell/Wallace Delivery at Sunoco |
| 3/14/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/18/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/20/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/22/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/22/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 3/25/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 4/4/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 4/19/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 4/22/2020 | 4 | 1000 | Russell Delivery at Sunoco |
| 4/29/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 5/13/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 5/16/2020 | 4 | 1200 | Russell Delivery at Sunoco |
| 5/23/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 6/5/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 6/19/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 6/28/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/1/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/2/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/5/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 7/22/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 7/25/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/26/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/29/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 7/31/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 8/19/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 8/21/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 8/23/2020 | 5 | 1000 | Russell Delivery at Sunoco |
| 9/3/2020 | 6 | 1000 | Russell Delivery at Sunoco |
| 9/10/2020 | 4 | 1000 | Russell Delivery at Sunoco |
| 9/17/2020 | 3 | 900 | Russell Delivery at Sunoco |
| 9/24/2020 | 4 | 1000 | Russell Delivery at Sunoco |
| 10/17/2020 | 2 | 600 | Russell Delivery at Sunoco |
| 10/19/2020 | 3 | 600 | Russell Delivery at Sunoco |

| 10/20/2020 | 3 | 600 | Russell Delivery at Sunoco |
|---|---|---|---|
| 10/22/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 10/24/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 10/30/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/1/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/10/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/20/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/24/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/27/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 11/28/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/3/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/4/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/4/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/6/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/8/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/8/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/11/2020 | 3 | 600 | Russell/Wallace Delivery at Sunoco |
| 12/12/2020 | 3 | 600 | Russell/Wallace Delivery at Sunoco |
| 12/16/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/24/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/25/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 12/26/2020 | 3 | 600 | Russell Delivery at Sunoco |
| 1/3/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/8/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/9/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/12/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/14/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/17/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/20/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 1/22/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/14/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/19/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/20/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/24/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 2/24/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/2/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/5/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/7/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/10/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/13/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/15/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/15/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 3/30/2021 | 3 | 600 | Russell Delivery at Sunoco |

| 4/11/2021 | 3 | 600 | Russell Delivery at Sunoco |
|---|---|---|---|
| 4/14/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 4/21/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/1/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/3/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/4/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/9/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/10/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/12/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/13/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/15/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 5/19/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/4/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/5/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/6/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/8/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/9/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/10/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/14/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/15/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/16/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/18/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/22/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 6/25/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 7/11/2021 | 3 | 600 | Russell Delivery at Sunoco with Brown |
| 7/21/2021 | 3 | 600 | Russell Delivery at Sunoco |
| 7/21/2021 | 3 | 750 | Russell Delivery at Sunoco |
| 7/25/2021 | 3 | 1800 | Russell Delivery at Sunoco |
| 7/25/2021 | 3 | 750 | Russell Delivery at Sunoco |
| 7/29/2021 | 2.5 | 750 | Russell Delivery at Sunoco |
| 8/3/2021 | 2 | 600 | Russell Delivery at Sunoco |
| | | 78650 | |
| | | x $2.25 | |
| | | $176,962.50 | |

9.   In summary, the defendant did, from on or about February 20, 2020, through on or about August 3, 2021, in Broward County, knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and

7

which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation

of Title 18, United States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/13/22                By:

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

Date: 7/13/22

JOSHUA MONTEIRO
COUNSEL FOR THE DEFENDANT

Date: 7/13/22

KIRK RUSSELL
DEFENDANT

Certified to be a true and
correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date  8/16/22

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60084-CR-SMITH/VALLE

UNITED STATES OF AMERICA

v.

JULIO MITJANS,

Defendant. .
_____/

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By
Deputy Clerk
Date     AUG 1 6 2022

**FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

The United States of America and the defendant, Julio Mitjans, submit these agreed facts in support of the

defendant's plea of guilty to Count Two (2) of the Information.  The parties agree that if this case were to proceed

to trial, the government's witnesses and evidence would establish the following facts beyond a reasonable doubt.

THE THEFT OF FUEL

1.      Thefts have occurred when the Southfork Transportation truck drivers Kirk Russell ("Russell"), Carl Wallace

("Wallace"), and Damion McDonald ("McDonald") delivered to client gas stations in South Florida less than the

contracted amount but within the possible error range depending upon weather conditions and the expansion or

contraction of the station's fuel underground storage tanks.  The amount of fuel stolen from the client gas stations

depended upon the size of their underground storage tanks.  The larger the tank, the greater the amount of error or

gallons that could be stolen but remain in range of error.  The amount of fuel shorted or not delivered as contracted

to the client gas stations was between 150-250 gallons.

WHAT HAPPENED TO THE STOLEN FUEL

2.      Fuel stolen by Southfork Transport truck drivers Wallace, Russell, and McDonald, was sold at a discount

to the defendant Julio Mitjans ("Mitjans"), who owns the Techno-Fuel trucking yard located at 4700 SW 30th Street,

Davie, Broward County, Florida.  Mitjans also employed several truck drivers that facilitated the theft and the

subsequent delivery of  stolen fuel for Mitjans:  Yanko Rodriguez, Lazaro Agueros ("Agueros"), and Mario Yanes

Nunez. Mitjans sold the stolen fuel at retail prices to uninvolved and unsuspecting customers.

3.     The reward received by the truck drivers for participating in the fuel thefts was a job and a salary.  There was no payment for each theft committed.  It was understood that to be employed involved making legitimate fuel deliveries and stealing fuel by delivering less than the contracted amount that would subsequently be transferred to Mitjans.

THE PROOF OF GUILT

5.     The evidence of guilt comes from several sources.

(A)     GPS devices were affixed by their employer to the Southfork Transportation trucks of the drivers Russell, Wallace, and McDonald with their full knowledge.  Truck drivers transporting fuel are required to transit, without deviation, from Port Everglades fuel distribution points to client gas stations.  This stringent direct-route requirement is an industry standard due to safety concerns involving terrorism, fire emergencies, security vulnerabilities, and potential hazardous material spillage.  Analysis of the GPS data revealed the fuel tanker trucks belonging to Russell, Wallace, and McDonald transited more than one hundred times from Port Everglades[1] fuel distribution points directly to the Techno-Fuel trucking yard in Broward County, stopping for several minutes, and subsequently departing to their intended gas station deliveries.  Mitjans' Techno-Fuel trucking yard did not have a contract for the delivery of fuel by Southfork Transport..  A grand jury subpoena served on Mitjans' Techno-Fuel trucking yard failed to disclose a single delivery of fuel by a Southfork Transport truck although hundreds were witnessed by video surveillance.

(B)     Video recordings obtained by the FBI through human surveillance and pole cameras show the defendant fuel truck drivers at locations where they did not belong because no contract existed with Southfork Transport to deliver fuel to these gas stations and Mitjans' Techno-Fuel trucking yard.

---

[1]     Port Everglades is "South Florida's primary storage and distribution center for refined petroleum," where about 12.5 million gallons of refined petroleum products are received on a daily basis on fuel tanker ships deriving from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America.  All of the petroleum products at Port Everglades originate from outside of the State of Florida.[1]  Bills of ladings are available to prove the foreign and interstate commerce nexus of the stolen gasoline.

(C)     The video surveillance obtained by the FBI shows Mitjans' Techno-Fuel employees offloading fuel from Southfork Transport trucks into a gasoline truck used to store the stolen fuel. Since no contractual relationship existed between Southfork Transport and Techno-Fuel, the Techno-Fuel employees and defendants had no right to access a Southfork Transport truck.

(D)     The time spent offloading fuel from the Southfork Transport trucks to the gasoline truck Mitjans used to store the stolen fuel was consistent with the delivery of 150-250 gallons. The FBI through controlled deliveries was able to establish that approximately 67 gallons of gasoline a minute is delivered by gravity through a fuel truck's line once the spigot value is opened.

(E)     The FBI conducted controlled deliveries to some of the defendants (Mitjans and Agueros) of what was represented to be stolen gasoline in a gasoline truck that was subsequently offloaded. The modus operandi used by the defendants pertaining to the controlled deliveries of gasoline represented to have been stolen was identical to other gasoline thefts witnessed by the video surveillance compiled by the FBI.

6.      Based upon the evidence described above, Mitjans participated in 425 thefts of gasoline that caused a loss of $529,062.75. Mitjans' theft and loss amount is based upon the crimes he himself committed, the crimes committed by the coconspirator Southfork Transportation truck drivers Russell, Wallace, and McDonald that delivered stolen gasoline Mitjans benefited from by selling, the crimes committed by Mitjans' employees Rodriguez, Agueros, Alcibiades Gonzalez, and Wilkins Marmont, at his direction, Southfork Transportation truck driver Gilbert Miller and his wife Verna Miller, and the four controlled deliveries conducted by the FBI of what was represented to Mitjans and Gilbert Miller to be stolen gasoline.

---

**TOTAL ESTIMATED GALLONS OF STOLEN GASOLINE TRANSFERRED
AND CONTROLLED DELIVERIES DONE AT JULIO MITJANS TECHNO-FUEL TRUCKING YARD**

| | |
|---|---|
| 149 thefts by Gilbert Miller (67,505 + 48,309) | 115,814 |
| 183 thefts by Gilbert Miller with his wife Verna Miller (1/2 of 96,618) | 48,309 |
| 25 deliveries of stolen gasoline by Southfork Transportation truck driver Russell | 18,941 |
| 41 deliveries of stolen gasoline by Southfork Transportation truck driver Wallace | 29,545 |
| 19 deliveries of stolen gasoline by Southfork Transportation truck driver McDonald | 10,315 |

Case 0:22-cr-60084-RS   Document 147   Entered on FLSD Docket 07/20/2022   Page 4 of 4

| | |
|---|---|
| 2 thefts committed personally by Julio Mitjans | 1,106 |
| 3 thefts committed by Techno-Fuel employee Lazaro Agueros | 1,408 |
| 2 thefts committed by Techno-Fuel employee Yanko Rodriguez | 1,139 |
| 5 thefts committed by Techno-Fuel employee Wilkins Marmont | 5,427 |
| 2 thefts committed by Techno-Fuel employee Alcibiades Gonzalez | 737 |
| 4 Controlled Deliveries | 2398 |
| Total Estimated Gallons of Stolen Gasoline | 235,139 |
| | x $2.25[2] |
| Total Amount of Loss attributable to Julio Mitjans | $529,062.75 |

7.      In summary, the defendant did, from on or about February 21, 2020, through on or about July 8, 2021, in Broward County, knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 7/20/22          By: _____
                           DONALD F. CHASE, II
                           ASSISTANT UNITED STATES ATTORNEY

Date: 7/19/2022          _____
                           J. DAVID BOGENSCHUTZ
                           COUNSEL FOR THE DEFENDANT

Date: 07/19/2022          _____
                           JULIO MITJANS
                           DEFENDANT

---

[2]      The price per gallon used to calculate the loss is $2.25 or the average cost of a gallon of gasoline during the dates of the offense of conviction.



Exhibit "C"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **0:22-CR-60084-RS(2)** |
| **KIRK RUSSELL** | § | USM Number: **86952-509** |
| | § | |
| | § | Counsel for Defendant: **Joshua Lopes Monteiro** |
| | § | Counsel for United States: **Donald F. Chase** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **3 of the Information** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:659 and 2 Interstate/Foreign Shipment Carriers | 08/03/2021 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) remaining ☒ is ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 21, 2022**
Date of Imposition of Judgment

_Signature of Judge_

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**September 21, 2022**
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 2 of 7

DEFENDANT:     KIRK RUSSELL
CASE NUMBER:     0:22-CR-60084-RS(2)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**15 months as to count 3**.

☒     The court makes the following recommendations to the Bureau of Prisons:
        Defendant be placed in a facility in South Florida to be nearest to family.

☐     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

        ☐     at                                    ☐     a.m.     ☐     p.m.     on

        ☐     as notified by the United States Marshal.

☒     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☒     before 9 a.m. on January 3, 2023
        ☐     as notified by the United States Marshal.
        ☐     as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

        Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                        Judgment -- Page 3 of 7

DEFENDANT:          KIRK RUSSELL
CASE NUMBER:        0:22-CR-60084-RS(2)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **three (3) years.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release
    from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future
    substance abuse. (*check if applicable*)

4.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence
    of restitution. (*check if applicable*)

5.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et
    seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which
    you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

    You must comply with the standard conditions that have been adopted by this court as well as with any additional
conditions on the attached page.

DEFENDANT:              KIRK RUSSELL
CASE NUMBER:        0:22-CR-60084-RS(2)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature  _____          Date  _____

DEFENDANT:  KIRK RUSSELL
CASE NUMBER:  0:22-CR-60084-RS(2)

## SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction:** The defendant is prohibited from associating co-defendants while on probation/supervised release.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 6 of 7

DEFENDANT:      KIRK RUSSELL
CASE NUMBER:   0:22-CR-60084-RS(2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $121,114.50 | $.00 | | |

☐ The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$121,114. 50**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 7 of 7

DEFENDANT:          KIRK RUSSELL
CASE NUMBER:        0:22-CR-60084-RS(2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    ☒    Lump sum payments of $100.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 3, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

       **U.S. CLERK'S OFFICE**
       **ATTN: FINANCIAL SECTION**
       **400 NORTH MIAMI AVENUE, ROOM 8N09**
       **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
    **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **0:22-CR-60084-RS(3)** |
| **CARL WALLACE** | § USM Number: **90088-509** |
| | § |
| | § Counsel for Defendant: **James Stewart Lewis** |
| | § Counsel for United States: **Donald F. Chase** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **4 of the Information** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:659 and 2 Interstate/Foreign Shipment Carriers | 02/23/2021 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) remaining ☒ is ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 21, 2022**
_____
Date of Imposition of Judgment

_____
Signature of Judge

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**September 21, 2022**
_____
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                  Judgment -- Page 2 of 7

DEFENDANT:          CARL WALLACE
CASE NUMBER:        0:22-CR-60084-RS(3)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**15 months as to count 4**.

☒  The court makes the following recommendations to the Bureau of Prisons:
      Defendant be placed in a facility in South Florida to be nearest to family.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

      ☐  at                              ☐  a.m.    ☐  p.m.    on

      ☐  as notified by the United States Marshal.

☒  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☒  before 9 a.m. on January 3, 2023
      ☐  as notified by the United States Marshal.
      ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 3 of 7

DEFENDANT:            CARL WALLACE
CASE NUMBER:         0:22-CR-60084-RS(3)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

   You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: CARL WALLACE
CASE NUMBER: 0:22-CR-60084-RS(3)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                    Judgment -- Page 5 of 7

DEFENDANT:            CARL WALLACE
CASE NUMBER:         0:22-CR-60084-RS(3)

## SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction:** The defendant is prohibited from associating co-defendants while on probation/supervised release.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                          Judgment -- Page 6 of 7

DEFENDANT:          CARL WALLACE
CASE NUMBER:        0:22-CR-60084-RS(3)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $102,985.00 | $.00 | | |

☐ The determination of restitution is deferred until          An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the          ☐ fine          ☐ restitution

    ☐ the interest requirement for the          ☐ fine          ☐ restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$102,985.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                              Judgment -- Page 7 of 7

DEFENDANT:          CARL WALLACE
CASE NUMBER:        0:22-CR-60084-RS(3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payments of $100.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 4, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:
    **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **0:22-CR-60084-RS(5)** |
| **YANKO RODRIGUEZ** | § | USM Number: **87009-509** |
| | § | |
| | § | Counsel for Defendant: **Juan M. Gonzalez** |
| | § | Counsel for United States: **Donald F. Chase** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **6 of the Information** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:659 and 2 Interstate/Foreign Shipment Carriers | 9/29/20 | 6 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☒  Count(s) remaining ☒ is ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 21, 2022**
Date of Imposition of Judgment

Signature of Judge

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**September 21, 2022**
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                                        Judgment -- Page 2 of 6

DEFENDANT:          YANKO RODRIGUEZ
CASE NUMBER:        0:22-CR-60084-RS(5)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**3 years as to count 6**.

Counts to run: ☐ Concurrent          ☐ Consecutive

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of
      release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      ☐    The above drug testing condition is suspended, based on the court's determination that you pose a low risk of
           future substance abuse. (*check if applicable*)

4.    ☒    You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5.    ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et
           seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which
           you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6.    ☐    You must participate in an approved program for domestic violence. (*check if applicable*)

7.    ☐    You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if
           applicable)*

8.    ☐    You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.    ☐    If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10.   ☐    You must notify the court of any material change in your economic circumstances that might affect your ability to pay
           restitution, fines, or special assessments.

      You must comply with the standard conditions that have been adopted by this court as well as with any additional
conditions on the attached page.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 3 of 6

DEFENDANT:          YANKO RODRIGUEZ
CASE NUMBER:        0:22-CR-60084-RS(5)

# STANDARD CONDITIONS OF PROBATION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:        YANKO RODRIGUEZ
CASE NUMBER:    0:22-CR-60084-RS(5)

# SPECIAL CONDITIONS OF PROBATION

**Cooperating with Immigration during Removal Proceedings:** The defendant shall cooperate in any removal proceedings initiated or pending by the U.S. Immigration and Customs Enforcement consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Secretary of Homeland Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of probation, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Home Detention:** The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of **2 years**. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Surrendering to Immigration for Removal After Imprisonment:** At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Secretary of Homeland Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                          Judgment -- Page 5 of 6

DEFENDANT:         YANKO RODRIGUEZ
CASE NUMBER:       0:22-CR-60084-RS(5)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $4,000.00 | | |

☐ The determination of restitution is deferred until            An *Amended Judgment in a Criminal Case*
   *(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the
   amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☐ the interest requirement is waived for the      ☐ fine      ☐ restitution
   ☐ the interest requirement for the      ☐ fine      ☐ restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                      Judgment -- Page 6 of 6

DEFENDANT:            YANKO RODRIGUEZ
CASE NUMBER:         0:22-CR-60084-RS(5)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☒    Lump sum payments of $100.00 due immediately, balance due
          The fine amount of $4,000 is due by November 21, 2022
**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 6, which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

          **U.S. CLERK'S OFFICE**
          **ATTN: FINANCIAL SECTION**
          **400 NORTH MIAMI AVENUE, ROOM 8N09**
          **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
     **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement.  The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § JUDGMENT IN A CRIMINAL CASE |
| | § |
| v. | § |
| | § Case Number: **0:22-CR-60084-RS(6)** |
| **LAZAROS AGUEROS** | § USM Number: **86983-509** |
| | § |
| | § Counsel for Defendant: **Diego Weiner** |
| | § Counsel for United States: **Donald F. Chase** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **7 of the Information** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:659 and 2 Interstate/Foreign Shipment Carriers | 06/21/2021 | 7 |

The defendant is sentenced as provided in pages 2 through of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) remaining ☐ is ☒ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 23, 2022
Date of Imposition of Judgment

Signature of Judge

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

September 23, 2022
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

DEFENDANT:      LAZAROS AGUEROS
CASE NUMBER:    0:22-CR-60084-RS(6)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**3 years as to count 7**.

Counts to run: ☐ Concurrent    ☐ Consecutive

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (*check if applicable*)

8. ☐ You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9. ☐ If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10. ☐ You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:        LAZAROS AGUEROS
CASE NUMBER:      0:22-CR-60084-RS(6)

# STANDARD CONDITIONS OF PROBATION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature  _____        Date  _____

DEFENDANT: LAZAROS AGUEROS
CASE NUMBER: 0:22-CR-60084-RS(6)

## SPECIAL CONDITIONS OF PROBATION

**Association Restriction:** The defendant is prohibited from associating co-defendants while on probation/supervised release.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Home Detention with Electronic Monitoring:** The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of 2 years. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                Judgment -- Page 5 of 8

DEFENDANT:        LAZAROS AGUEROS
CASE NUMBER:      0:22-CR-60084-RS(6)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | | |

☐  The determination of restitution is deferred until          An *Amended Judgment in a Criminal Case*
    *(AO245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the
    amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐  Restitution amount ordered pursuant to plea agreement $

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the          ☐  fine          ☐  restitution

    ☐  the interest requirement for the          ☐  fine          ☐  restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 6 of 8

DEFENDANT:        LAZAROS AGUEROS
CASE NUMBER:      0:22-CR-60084-RS(6)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☒    Lump sum payments of $100.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 7, which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☒    The defendant shall forfeit the defendant's interest in the following property to the United States:
     **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement.  The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT:      LAZAROS AGUEROS
CASE NUMBER:    0:22-CR-60084-RS(6)

# ADDITIONAL FORFEITED PROPERTY

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 8 of 8

DEFENDANT:  LAZAROS AGUEROS
CASE NUMBER:  0:22-CR-60084-RS(6)

# DENIAL OF FEDERAL BENEFITS
*(For Offenses Committed On or After November 18, 1988)*

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

IT IS ORDERED that the defendant shall be:

☐  ineligible for all federal benefits for a period of

☐  ineligible for the following federal benefits for a period of
*(specify benefit(s))*

### OR

☐  Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall:

☐  be ineligible for all federal benefits for a period of

☐  be ineligible for the following federal benefits for a period of
*(specify benefit(s))*

☐  successfully complete a drug testing and treatment program.

☐  perform community service, as specified in the probation and supervised release portion of this judgment.

IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:**

**U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

UNITED STATES OF AMERICA

v.

**MARIO YANES NUNEZ**

§
§
§
§
§
§
§
§

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **0:22-CR-60084-RS(7)**
USM Number: **86980-509**

Counsel for Defendant: **Juan Mourin**
Counsel for United States: **Donald F. Chase**

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **8 of the Information** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:659 and 2 Interstate/Foreign Shipment Carriers | 06/01/2020 | 8 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count 1 ☒ is ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 23, 2022
Date of Imposition of Judgment

Signature of Judge

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

September 23, 2022
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 2 of 6

DEFENDANT:        MARIO YANES NUNEZ
CASE NUMBER:      0:22-CR-60084-RS(7)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**5 years as to count 8**.

Counts to run: ☐ Concurrent        ☐ Consecutive

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

7.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8.  ☐  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.  ☐  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10. ☐  You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

    You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

DEFENDANT:      MARIO YANES NUNEZ
CASE NUMBER:    0:22-CR-60084-RS(7)

# STANDARD CONDITIONS OF PROBATION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____      Date _____

DEFENDANT:        MARIO YANES NUNEZ
CASE NUMBER:      0:22-CR-60084-RS(7)

## SPECIAL CONDITIONS OF PROBATION

**Association Restriction:** The defendant is prohibited from associating with co-defendants while on probation/supervised release.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 5 of 6

DEFENDANT:      MARIO YANES NUNEZ
CASE NUMBER:   0:22-CR-60084-RS(7)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | | |

☐   The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case*
     *(AO245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the    ☐  fine    ☐  restitution

    ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:           MARIO YANES NUNEZ
CASE NUMBER:         0:22-CR-60084-RS(7)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    ☒    Lump sum payments of $100.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 8, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
     **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **0:22-CR-60084-RS(1)** |
| **JULIO MITJANS** | § USM Number: **87000-509** |
| | § |
| | § Counsel for Defendant: **J. David Bogenschutz** |
| | § Counsel for United States: **Donald F. Chase** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **2 of the Information** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:659 and 2 Interstate/Foreign Shipment Carriers | 07/08/2021 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count 1 ☒ is ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 30, 2022**
Date of Imposition of Judgment

Signature of Judge

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**September 30, 2022**
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                    Judgment -- Page 2 of 7

DEFENDANT:          JULIO MITJANS
CASE NUMBER:        0:22-CR-60084-RS(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**30 months as to count 2**.

☒     The court makes the following recommendations to the Bureau of Prisons:
       Defendant be placed in RDAP
       Defendant be placed in SD/FL to be nearest to family or Pensacola or Alabama

☐     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐  a.m.   ☐  p.m.   on _____

    ☐   as notified by the United States Marshal.

☒     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒   before 12 p.m. on 1/3/2023
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to

at _____, with a certified copy of this judgment.


                   UNITED STATES MARSHAL

                        By
             DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 3 of 7

DEFENDANT: JULIO MITJANS
CASE NUMBER: 0:22-CR-60084-RS(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:          JULIO MITJANS
CASE NUMBER:        0:22-CR-60084-RS(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____          Date _____

DEFENDANT:              JULIO MITJANS
CASE NUMBER:           0:22-CR-60084-RS(1)

## SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction:** The defendant is prohibited from associating with co-defendants while on probation/supervised release.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 6 of 7

DEFENDANT:       JULIO MITJANS
CASE NUMBER:     0:22-CR-60084-RS(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $300,744.00 | $15,000.00 | | |

☐   The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☑   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the     ☐   fine     ☐   restitution

     ☐   the interest requirement for the     ☐   fine     ☐   restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$300,744.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 7 of 7

DEFENDANT:         JULIO MITJANS
CASE NUMBER:       0:22-CR-60084-RS(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A       ☒    Lump sum payments of $15,100.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 2, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

       **U.S. CLERK'S OFFICE**
       **ATTN: FINANCIAL SECTION**
       **400 NORTH MIAMI AVENUE, ROOM 8N09**
       **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
    **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
| | § | |
| v. | § | |
| | § | Case Number: **0:22-CR-60084-RS(4)** |
| **DAMION MCDONALD** | § | USM Number: **86989-509** |
| | § | |
| | § | Counsel for Defendant: **Sidney Zale Fleischman** |
| | § | Counsel for United States: **Donald F. Chase** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **5 of the Information** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:659.F Interstate/Foreign Shipment Carriers | 05/26/2021 | 5 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) remaining ☐ is ☒ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 4, 2022

Date of Imposition of Judgment

Signature of Judge

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

November 4, 2022

Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                    Judgment -- Page 2 of 6

DEFENDANT:         DAMION MCDONALD
CASE NUMBER:       0:22-CR-60084-RS(4)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**3 years as to count 5**.

Counts to run: ☐ Concurrent      ☐ Consecutive

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

       ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8. ☐ You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9. ☐ If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10. ☐ You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

      You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: DAMION MCDONALD
CASE NUMBER: 0:22-CR-60084-RS(4)

## STANDARD CONDITIONS OF PROBATION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT:      DAMION MCDONALD
CASE NUMBER:   0:22-CR-60084-RS(4)

# SPECIAL CONDITIONS OF PROBATION

**Association Restriction:** The defendant is prohibited from associating with co-defendants while on probation/supervised release.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

**Home Detention with Electronic Monitoring:** The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of **two (2) years**. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

**Travel:** The defendant is permitted to travel throughout the United States for work purposes only.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                              Judgment -- Page 5 of 6

DEFENDANT:          DAMION MCDONALD
CASE NUMBER:        0:22-CR-60084-RS(4)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $10,315.00 | $.00 | | |

☐    The determination of restitution is deferred until           An *Amended Judgment in a Criminal Case*
     *(AO245C)* will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the
     amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐    Restitution amount ordered pursuant to plea agreement $

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
     the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of
     payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:
     ☐    the interest requirement is waived for the        ☐    fine          ☐    restitution
     ☐    the interest requirement for the                  ☐    fine          ☐    restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$10,315.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                   Judgment -- Page 6 of 6

DEFENDANT:         DAMION MCDONALD
CASE NUMBER:       0:22-CR-60084-RS(4)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A     ☒     Lump sum payments of $100.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 5, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several
      See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐     The defendant shall forfeit the defendant's interest in the following property to the United States:
      **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **0:22-CR-60084-RS(8)** |
| **MD GOLUM MAHBUB** | § USM Number: **86982-509** |
| | § |
| | § Counsel for Defendant: **John A. Weekes** |
| | § Counsel for United States: **Donald F. Chase** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **9 of the Information** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:659 Interstate/Foreign Shipment Carriers | 08/03/2021 | 9 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Count(s) remaining ☐ is ☒ are dismissed on the motion of the United States

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 4, 2022**
Date of Imposition of Judgment

_____
Signature of Judge

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**November 4, 2022**
Date

DEFENDANT:      MD GOLUM MAHBUB
CASE NUMBER:    0:22-CR-60084-RS(8)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**12 months as to count 9**.

☐    The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☒    The defendant shall surrender to the United States Marshal for this district:

        ☒    at 12:00        ☐  a.m.    ☒  p.m.  on 12/1/2022

        ☒    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐    before 2 p.m. on
        ☐    as notified by the United States Marshal.
        ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

        Defendant delivered on _____ to ____

at _____, with a certified copy of this judgment.

                           UNITED STATES MARSHAL

                              By
                    DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                   Judgment -- Page 3 of 7

DEFENDANT:          MD GOLUM MAHBUB
CASE NUMBER:        0:22-CR-60084-RS(8)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **three (3) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

   You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                   Judgment -- Page 4 of 7

DEFENDANT:          MD GOLUM MAHBUB
CASE NUMBER:        0:22-CR-60084-RS(8)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature  _____          Date  _____

DEFENDANT:       MD GOLUM MAHBUB
CASE NUMBER:    0:22-CR-60084-RS(8)

## SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction:** The defendant is prohibited from associating with co-defendants while on supervised release.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

**Prohibited:** The defendant is prohibited from working at a gas station while on supervised release.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                          Judgment -- Page 6 of 7

DEFENDANT:          MD GOLUM MAHBUB
CASE NUMBER:        0:22-CR-60084-RS(8)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|           | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|-----------|-----------|-------------|------|------------------|-------------------|
| **TOTALS** | $100.00 | $188,505.00 | $17,595.00 | | |

☐ The determination of restitution is deferred until          An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the          ☐ fine          ☐ restitution

    ☐ the interest requirement for the          ☐ fine          ☐ restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$188,505.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                          Judgment -- Page 7 of 7

DEFENDANT:              MD GOLUM MAHBUB
CASE NUMBER:           0:22-CR-60084-RS(8)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☒    Lump sum payments of $17,695.00 due immediately.

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 9, which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
     **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement.  The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.



Exhibit "D"

Filing # 214550693 E-Filed 01/14/2025 12:49:52 PM

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT,**
**IN AND FOR MARTIN COUNTY, FLORIDA**

SOUTHFORK TRANSPORTATION, LLC,
a Florida limited liability company,                    CASE NO.: 432022CA000164CAAXMX

      Plaintiff,

v.

HIGHLAND TANK LINES, INC., a Florida
corporation; ET AL.,

      Defendants.

_____/

**<u>SUBPOENA DUCES TECUM WITHOUT DEPOSITION**</u>**

THE STATE OF FLORIDA:

    TO:    **United States Attorney's Office**
           **Attn: Records Custodian**
           **99 N.E. 4th Street**
           **Miami, FL 33132**

    YOU ARE COMMANDED to furnish to the offices of the undersigned, within **thirty (30) days** after service of this Subpoena, the following documents in accordance with Rule 1.351 of the Florida Rules of Civil Procedure, such documents being as follows:

**ALL DOCUMENTS LISTED ON EXHIBIT "A"**

    These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this Subpoena by providing legible copies of the items to be produced, as well as a fully executed copy of the attached Business Records Certification, to the attorney whose name appears on this Subpoena on or before the scheduled date of production.** You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. **You may mail, email or deliver legible copies to the attorney whose name appears on this Subpoena and thereby eliminate your appearance at the time and place specified above.** You have the right to object to the production pursuant to this Subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. <u>THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN</u>.

    If you fail to:

(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this Subpoena by this attorney or the Court, you shall respond to this Subpoena as directed.

DATED on January 14, 2025

Respectfully submitted,

**JECK, HARRIS, RAYNOR & JONES, P.A.**
*Attorneys for Plaintiff*
790 Juno Ocean Walk, Suite 600
Juno Beach, Florida 33408
Telephone: (561) 746-1002
Facsimile: (561) 775-0270

By: */s/ David K. Markarian*
David K. Markarian
Florida Bar No. 480691
dmarkarian@jhrjpa.com

### Exhibit "A"

- Please note the Plaintiff acknowledges and is aware of the "pending investigation" status due to the fugitive status of Gilbert Miller and his company 1st Choice Investments, Inc. and would redact the fugitives names from the information provided by the United States Attorney's Office related to the below requests.

1. Any and all documents and/or case files relating, pertaining, or referring to the investigation, prosecution, indictment, and/or conviction of:
   a. Golam Mahbub;
   b. Damien McDonald;
   c. Julio Mitjans;
   d. Kirk Russell;
   e. Carl Wallace;
   f. Richard Dragonette;
   g. Latif Mahbuba;
   h. Gerald Fallacara;
   i. Yanko Rodriguez;
   j. Lazaros Agueros; and
   k. Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

2.   All transcripts of all plea agreements relating, pertaining, or referring to:
   a.   Golam Mahbub;
   b.   Damien McDonald;
   c.   Julio Mitjans;
   d.   Kirk Russell;
   e.   Carl Wallace;
   f.   Yanko Rodriguez;
   g.   Lazaros Agueros; and
   h.   Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

3.   Copies of all video and audio surveillance recordings and accompanying surveillance logs of each yard, workplace, or other facility that relate, pertain, or refer to the investigation, prosecution, indictment, and/or conviction of:
   a.   Golam Mahbub;
   b.   Damien McDonald;
   c.   Julio Mitjans;
   d.   Kirk Russell;
   e.   Carl Wallace;
   f.   Richard Dragonette;
   g.   Latif Mahbuba;
   h.   Gerald Fallacara;
   i.   Yanko Rodriguez;
   j.   Lazaros Agueros; and
   k.   Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

4.   Any and all PowerPoints created or produced as a result of the investigation, prosecution, indictment, and/or conviction of:
   a.   Golam Mahbub;
   b.   Damien McDonald;
   c.   Julio Mitjans;
   d.   Kirk Russell;
   e.   Carl Wallace;
   f.   Richard Dragonette;
   g.   Latif Mahbuba;
   h.   Gerald Fallacara;
   i.   Yanko Rodriguez;
   j.   Lazaros Agueros; and
   k.   Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

5. Any and all statistical analysis created by case agents and forensic accountants regarding the losses caused by or related to wrongful conduct of:
   a. Golam Mahbub;
   b. Damien McDonald;
   c. Julio Mitjans;
   d. Kirk Russell;
   e. Carl Wallace;
   f. Richard Dragonette;
   g. Latif Mahbuba;
   h. Gerald Fallacara;
   i. Yanko Rodriguez;
   j. Lazaros Agueros; and
   k. Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

6. Any and all documents, spreadsheets, PowerPoints, video and audio surveillance recordings and accompanying surveillance logs, or any other documents, provided to any defense counsel for discovery purposes for:
   a. Golam Mahbub in Case No. 0:22-60084-RS(8);
   b. Damien McDonald in Case No. 0:22-60084-RS(4);
   c. Julio Mitjans in Case No. 0:22-60084-RS(1);
   d. Kirk Russell in Case No. 0:22-60084-RS(2);
   e. Carl Wallace in Case No. 0:22-60084-RS(3)
   f. Yanko Rodriguez in Case No. 0:22-60084-RS(5);
   g. Lazaros Agueros in Case No. 0:22-60084-RS(6); and
   h. Mario Nunez in Case No. 0:22-60084-RS(7).

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

7. Any and all video and audio surveillance recordings and accompanying surveillance logs footage of:
   a. Golam Mahbub;
   b. Damien McDonald;
   c. Julio Mitjans;
   d. Kirk Russell;
   e. Carl Wallace;
   f. Richard Dragonette;
   g. Latif Mahbuba;
   h. Gerald Fallacara;
   i. Yanko Rodriguez;
   j. Lazaros Agueros; and
   k. Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

8.  Any and all maps and overlays of all yards, facilities, and premises involved in the investigation, prosecution, indictment, and/or conviction of:
    a.  Golam Mahbub;
    b.  Damien McDonald;
    c.  Julio Mitjans;
    d.  Kirk Russell;
    e.  Carl Wallace;
    f.  Richard Dragonette;
    g.  Latif Mahbuba;
    h.  Gerald Fallacara;
    i.  Yanko Rodriguez;
    j.  Lazaros Agueros; and
    k.  Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR MARTIN COUNTY, FLORIDA**

SOUTHFORK TRANSPORTATION, LLC,
a Florida limited liability company,        CASE NO.: 432022CA000164CAAXMX

       Plaintiff,

v.

HIGHLAND TANK LINES, INC., a Florida
corporation; ET AL.,

       Defendants.

_____/

**<u>BUSINESS RECORDS CERTIFICATION</u>**
**(Sections 90.803(6) and 90.902(11), Florida Statutes)**

STATE OF _____

COUNTY OF _____

       BEFORE ME, the undersigned authority on this day personally appeared _____ of the U.S. Attorney's Office, who, upon being by me duly sworn upon his/her oath and according to the law, deposes and says:

1.     I have personal knowledge of the facts to which I attest hereto.

2.     I am currently employed by the U.S. Attorney's Office (the "U.S. Attorney's Office"), located at _____.

3.     Attached hereto are true and correct copies of records maintained by the U.S. Attorney's Office, of which I am the custodian.

4.     The attached records were made at or near the time of the occurrence of the matters set forth in the above-styled action, by or from information transmitted by a person having knowledge of those matters.

5.     The attached records were kept in the course of the regularly conducted activity of the U.S. Attorney's Office's business.

6.     The attached records were made as a regular practice in the course of the regularly conducted activity of the U.S. Attorney's Office's business.

7.     Under penalty of perjury, I declare that I have read the foregoing Business Record Certification, that the facts stated in it are true, and I acknowledge that falsely making such a certification or declaration would subject me to criminal penalty

under the laws of the foreign or domestic location in which the certification or declaration was signed.

**FURTHER AFFIANT SAYETH NAUGHT**

By:_____

Print Name: _____

Title: Custodian of Records

STATE OF _____
COUNTY OF _____


    Sworn to (or affirmed) and subscribed before me, via means of ☐ physical presence or ☐ online notarization, by _____, on behalf of the U.S. Attorney's Office, who is ☐ personally known to me, or who has ☐ produced _____ as identification, this _____ day of _____ 2025.


[SEAL]                    _____
                          Notary Public, State of _____
                          My Commission Expires: _____



Exhibit "E"



**U.S. Department of Justice**

United States Attorney
Southern District of Florida

99 N.E. 4th Street, Suite 300
Miami, Florida 33132
(305) 961-9455 - Telephone

February 12, 2025

**Via Electronic Mail**
David K. Markarian
Jeck, Harris, Raynor & Jones, P.A.
dmarkarian@jhrjpa.com

     Re:    *South Fork Transportation, LLC v. Highland Tank Lines, Inc.*
            **Case No. 432022CA000164CAAXMX**

Dear Mr. Markarian:

     I write regarding a Subpoena Duces Tecum Without Deposition ("Subpoena") directed to the United States Attorney's Office in the above-referenced case seeking records of a criminal investigation and criminal case *United States v. Mitjans, et al*., 22-CR-60084-RS (S.D. Fla.). To obtain records from the United States Department of Justice ("DOJ"), compliance with DOJ's *Touhy* regulations is required. *See* 28 C.F.R. § 16.22, *et seq*. The Subpoena does not comply with the regulations. *See* 28 C.F.R. § 16.22(d). Additionally, in this instance, law enforcement privilege prevents the disclosure of the records sought, other than those already publicly available on the docket in *United States v. Mitjans, et al*., 22-CR-60084-RS (S.D. Fla.). The Defendants were charged with Theft of Interstate and Foreign Shipments Valued at More Than $1000 and Conspiracy to do the same in violation of 18 U.S.C. §§ 2, 371, 659. There are open arrest warrants for Defendants Gilbert and Verna Miller. These Defendants are fugitives. Accordingly, the records requested will not be disclosed. *See* 28 C.F.R. § 16.26(b)(5); *see also* 28 C.F.R. § 16.26(b)(4).

     Please be advised that the DOJ's *Touhy* regulations have the force of federal law and must be followed even in state court proceedings and that sovereign immunity bars direct enforcement by a state court of a subpoena against the DOJ or its employees. *See, e.g., Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("the review action must be in federal court pursuant to 5 U.S.C. § 702, rather than in a state court that lacks jurisdiction"); *In re Elko County Grand Jury*, 109 F.3d 554 (9th Cir. 1997); *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998).

     Sincerely,

     Alicia H. Welch
     Assistant United States Attorney



Exhibit "F"

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR MARTIN COUNTY, FLORIDA**

SOUTHFORK TRANSPORTATION, LLC,
a Florida limited liability company,　　　　　　CASE NO.: 432022CA000164CAAXMX

　　　　　Plaintiff,

v.

HIGHLAND TANK LINES, INC., a Florida
corporation; ET AL.,

　　　　　Defendants.

_____/

**SUBPOENA DUCES TECUM FOR APPEARANCE AT TRIAL**

THE STATE OF FLORIDA:

　　　TO:　**Angel Martinez
　　　　　14900 SW 30th Street, Unit 278503
　　　　　Miramar, FL 33027**

　　　YOU ARE COMMANDED to appear before the Honorable Elizabeth A. Metzger, Judge of the Circuit Court, at the Martin County Courthouse, Courtroom A3-1, 100 SE Ocean Blvd., Stuart, FL 34994, at 9:00 a.m. EST, commencing Monday, October 20, 2025 and continuing up to and including Friday, October 31, 2025, at 9:00 a.m., or until such time as the trial is complete, or at a date to be agreed to by the parties and the Court, to (i) appear and produce documents listed in *Exhibit "A"* and (ii) provide testify in this action with regard to the investigation as to the facts and issues revealed withing the documents listed in *Exhibit "A"* and pertaining to and relating to the named Defendants . If you fail to appear and produce documents pursuant to this Subpoena Duces Tecum, you may be in contempt of court.  This subpoena is not intended for any other purpose.

　　　You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

　　　Please do not come to the Courthouse without first contacting the undersigned counsel. Kindly contact Katie Folden at the phone number listed below prior to the day of trial to confirm when your appearance will be necessary.

DATED: July 21, 2025

　　　　　　　　　　　　　　　 _/s/ David K. Markarian_____
　　　　　　　　　　　　　　　David K. Markarian
　　　　　　　　　　　　　　　For the Court
　　　　　　　　　　　　　　　Florida Bar No. 480691
　　　　　　　　　　　　　　　JECK HARRIS

Attorneys for Plaintiff
790 Juno Ocean Walk, Suite 600
Juno Beach, FL 33408
Telephone: (561) 746-1002
Facsimile: (561) 621-114

Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor's testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.

**AMERICANS WITH DISABILITIES ACT: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Kate Bradford, Esq., General Counsel, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370, bradfordk@circuit19.org, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## EXHIBIT "A"

- Please note the Plaintiff acknowledges and is aware of the "pending investigation" status due to the fugitive status of Gilbert Miller and his company 1st Choice Investments, Inc., and will redact the fugitives' names from any documents provided by Angel Martinez related to the below requests.

1. Any and all documents and/or case files relating, pertaining, or referring to the investigation, prosecution, indictment, and/or conviction of:
   a. Golam Mahbub;
   b. Damien McDonald;
   c. Julio Mitjans;
   d. Kirk Russell;
   e. Carl Wallace;
   f. Richard Dragonette;
   g. Latif Mahbuba;
   h. Gerald Fallacara;
   i. Yanko Rodriguez;
   j. Lazaros Agueros; and
   k. Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

2. All transcripts of all plea agreements relating, pertaining, or referring to:
   a. Golam Mahbub;
   b. Damien McDonald;
   c. Julio Mitjans;
   d. Kirk Russell;
   e. Carl Wallace;
   f. Yanko Rodriguez;
   g. Lazaros Agueros; and
   h. Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

3. Copies of all video and audio surveillance recordings and accompanying surveillance logs of each yard, workplace, or other facility that relate, pertain, or refer to the investigation, prosecution, indictment, and/or conviction of:
   a. Golam Mahbub;
   b. Damien McDonald;
   c. Julio Mitjans;
   d. Kirk Russell;
   e. Carl Wallace;
   f. Richard Dragonette;

g.  Latif Mahbuba;
h.  Gerald Fallacara;
i.  Yanko Rodriguez;
j.  Lazaros Agueros; and
k.  Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

4.  Any and all PowerPoints created or produced as a result of the investigation, prosecution, indictment, and/or conviction of:
    a.  Golam Mahbub;
    b.  Damien McDonald;
    c.  Julio Mitjans;
    d.  Kirk Russell;
    e.  Carl Wallace;
    f.  Richard Dragonette;
    g.  Latif Mahbuba;
    h.  Gerald Fallacara;
    i.  Yanko Rodriguez;
    j.  Lazaros Agueros; and
    k.  Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

5.  Any and all statistical analysis created by case agents and forensic accountants regarding the losses caused by or related to wrongful conduct of:
    a.  Golam Mahbub;
    b.  Damien McDonald;
    c.  Julio Mitjans;
    d.  Kirk Russell;
    e.  Carl Wallace;
    f.  Richard Dragonette;
    g.  Latif Mahbuba;
    h.  Gerald Fallacara;
    i.  Yanko Rodriguez;
    j.  Lazaros Agueros; and
    k.  Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

6.  Any and all documents, spreadsheets, PowerPoints, video and audio surveillance recordings and accompanying surveillance logs, or any other documents, provided to any defense counsel for discovery purposes for:
    a.  Golam Mahbub in Case No. 0:22-60084-RS(8);

  b. Damien McDonald in Case No. 0:22-60084-RS(4);
  c. Julio Mitjans in Case No. 0:22-60084-RS(1);
  d. Kirk Russell in Case No. 0:22-60084-RS(2);
  e. Carl Wallace in Case No. 0:22-60084-RS(3)
  f. Yanko Rodriguez in Case No. 0:22-60084-RS(5);
  g. Lazaros Agueros in Case No. 0:22-60084-RS(6); and
  h. Mario Nunez in Case No. 0:22-60084-RS(7).

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

7. Any and all video and audio surveillance recordings and accompanying surveillance logs footage of:
  a. Golam Mahbub;
  b. Damien McDonald;
  c. Julio Mitjans;
  d. Kirk Russell;
  e. Carl Wallace;
  f. Richard Dragonette;
  g. Latif Mahbuba;
  h. Gerald Fallacara;
  i. Yanko Rodriguez;
  j. Lazaros Agueros; and
  k. Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)

8. Any and all maps and overlays of all yards, facilities, and premises involved in the investigation, prosecution, indictment, and/or conviction of:
  a. Golam Mahbub;
  b. Damien McDonald;
  c. Julio Mitjans;
  d. Kirk Russell;
  e. Carl Wallace;
  f. Richard Dragonette;
  g. Latif Mahbuba;
  h. Gerald Fallacara;
  i. Yanko Rodriguez;
  j. Lazaros Agueros; and
  k. Mario Nunez.

(specifically excluded from the scope of this request are any documents which would reveal the identities of confidential human sources and/or cooperating witnesses)



Exhibit "G"



**U.S. Department of Justice**

Federal Bureau of Investigation

---

*Office of the Chief Division Counsel*                                    2030 S.W. 145ᵗʰ Avenue
Miramar, FL 33027
August 20, 2025

***Sent Via U.S. Mail***

David K. Markarian, Esq.
Jeck Harris Raynor and Jones
790 Juno Ocean Walk, Suite 600
Juno Beach, FL 33408

Re:  Southfork Transportation, LLC. v. Highland Tank Lines, Inc. a Florida Corporation, ET AL.
(Case No.: 432022CA000164CAAXMX)

Dear Mr. Markarian:

Your subpoena for retired FBI Special Agent Angel Martinez was forwarded to our FBI Miami Division by retired FBI SA Martinez regarding the above referenced case.

Please be advised that the FBI response to this subpoena is governed by the provisions of Title 28, Code of Federal Regulations (CFR), § 16.21 et seq, and the Privacy Act (Title 5, United States Code, § 552a).  These regulations specify that no employee of the Department of Justice, past or present, shall in response to a demand, produce or disclose information unless there is compliance with the applicable provisions.  The procedure is mandatory and governs state and federal proceedings and has been upheld in the United States Supreme Court.  See U.S. ex rel, Touhy v. Ragen, 340 U.S. 462 (1951).

To obtain FBI investigative information, the party making the request must provide to this office an affidavit, or statement which describes the nature of the litigation.  To comply with the CFR, the statement should explain the ***specific*** information requested and its relevance to the proceedings.  If testimony is being sought, then scope of that testimony should be explained.  In accordance with these regulations, before any information from FBI files may be released, we must receive and have the opportunity to review your CFR statement and obtain Department of Justice authorization in order to release the same.

In addition, the Privacy Act (Title 5, U.S.C., § 522a(b)), prohibits the release of agency records pertaining to an individual, or information from those records, for a non-law enforcement purpose.  The FBI may not disclose this information without the notarized consent of ***each*** record subject, or an order from federal court authorizing its disclosure by the FBI.

In the absence of compliance with the CFR, *and* either the notarized consent of each record subject or an appropriate court order authorizing disclosure, we are statutorily prohibited from testimony or releasing any records to you.

You may direct your correspondence to the attention of Associate Division Counsel Scott A. Houser at the above address. **Please note that in accordance with the above cited law and regulations, we must receive your CFR compliance and the notarized consent or court order *before* consideration is given to your request and any testimony or records are authorized for release.**

Upon receipt of the subpoena, the CFR statement, and privacy act order we will commence the authorization process. Should you require further assistance, please contact Paralegal Specialist Deyanira Aponte at (754) 703-3073.

Sincerely yours,

Brett D. Skiles
Special Agent in Charge

By:  Scott A. Houser
Associate Division Counsel